**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name  **JAMESON,    BARRY    SIMON**
      (Last)              (First)           (Initial)

Prisoner Number  CDCR No. C88511

Institutional Address  Post Office Box 8502

       Coalinga, CA 93210-8502

*FILED*

JUL 1 2 2007

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
OAKLAND, CALIFORNIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**BARRY SIMON JAMESON,**
(Enter the full name of plaintiff in this action.)
              Petitioner,

      vs.

**JAMES A. YATES, Warden of PVSP,**

              Respondent.

/ / /

/ / /
(Enter the full name of respondent(s) or jailer in this action)

**C 07 3160 SBA**

Case No. _____
(To be provided by the clerk of court)

**AMENDED**
**PETITION FOR A WRIT**
**OF HABEAS CORPUS**

**(PR)**

_____

                    Read Comments Carefully Before Filling In

When and Where to File

        You should file in the Northern District if you were convicted and sentenced in one of these

counties:  Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

this district if you are challenging the manner in which your sentence is being executed, such as loss of

good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

        If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in

one of the above-named fifteen counties, your petition will likely be transferred to the United States

District Court for the district in which the state court that convicted and sentenced you is located.  If

you are challenging the execution of your sentence and you are not in prison in one of these counties,

your petition will likely be transferred to the district court for the district that includes the institution

where you are confined.  Habeas L.R. 2254-3(b).

## COMMENT REGARDING JURISDICTION

Petitioner is in Fresno County, California.  Petitioner did not file this action himself.  Due to the overcrowding of California prisons and the Zero Release Policy that has been in effect for over 15 years, keeping ten thousand to twenty thousand persons in prison long after their Maximum Release Dates (which statute mandates they must be released on at the latest), Petitioner's brother Scott Jameson wrote a letter to the Honorable CLAUDIA WILKEN.  He sent Petitioner a copy of the letter.  The purpose of the letter was to point out the corruption in CDCR, in that they have a manifested policy of simply refusing to release persons that are mandated to be released by law.  They maintain this underground policy by falsely informing courts that inquire into it that they are considering persons for parole.  Considering they deny parole in over 100% of all cases in violation of the penal language that states (PC 3041) a parole date shall normally be set one-year before a persons minimum eligible parole date, and give parole dates at a rate of less than 1% a decade or more after the person should have had one, this is clearly a sham to mislead the Court.

Petitioner's brother wrote the Court a letter, as his brother and Petitioner's Maximum Release Date was 26 July 1999 and his minimum was in 1992.  CDCR has informed him that regardless of these dates, he will never get out, as he is under the Zero Release Policy; even though he committed the lesser second-degree murder and is entitled to halftime/day-for-day credits on his 17-year sentence. Without judicial intervention, Petitioner will remain one of the thousands that is politically imprisoned in the "Land of the Free."  He committed a serious offense in his 20's and is in his 50's.  His sentence came with an early release on parole date in approximately 1992 and a Maximum Release Date (discharge date) of 1999.  Nevertheless, he sits in prison with no violence ever against anyone in prison a quarter of a century later.

The Fresno Superior Court, the Fifth Appellate District and the California Supreme Court—the State Courts—refuse to address this policy of false imprisonment.  Petitioner is in "prison alley"

-1.a-

and in this pro-prison Central Valley, which includes the Federal District Court for the Eastern District of California, Fresno Division, no one will address the Zero Release Policy and the false imprisonment on false pretenses.

The statutes at issue are both unambiguous and mandatory. They required that Petitioner's Maximum Release Date would be set by the Court and CDCR upon his arrival in CDCR. It was. When things became political in 1990, Petitioner's bargained for 17-year promised sentence was changed to Life-Without-the-Possibility-of-Parole for Petitioner and thousands of others.

Petitioner's brother Scott sent his letter to this Court along with a basic legal argument and some exhibits, as the Honorable CLAUDIA WILKEN, District Judge, is holding hearings on overcrowding in California's prisons. What is so apparent to Scott and Petitioner is, how can California's prisons not be overcrowded if CDCR has a Zero Release Policy? It is like a balloon. It just keeps getting filled up. CDCR has no intent of stopping this practice.

To both Scott and Petitioner, it is inconceivable that in the United States there are prisons that mislead persons into accepting dispositions in Court, but once they get to prison—in clear violation of the Separation of Powers doctrine—CDCR simply resentences them to Death-in-Prison. Petitioner's 17-year Base Term disappeared.

Petitioner is one of a group of persons that committed a pre-1983 offense for second-degree murder, and only has a parole window of five years. It opened in 1992 and, if he had done everything wrong and received a two-year extension, his latest discharge date was 1999. CDCR, in their desire to build their corrupt empire by using human beings as capital, ignores the fact that Petitioner did not have "Life" parole (post-1982) and feign that they have jurisdiction for life. Jurisdiction over Petitioner has expired a decade or more ago (because of earned credits).

Because of the issues in front of this Court about overcrowding in CDCR, Petitioner requests this Court retain jurisdiction and address the Zero Release Policy being imposed on thousands.

-1.b-

**RECEIVED**

JUN 1 3 2007

CLAUDIA WILKEN
U.S. DISTRICT JUDGE

SCOTT JAMESON E-filing
3503 Andy Street
Long Beach, CA 90805-3907
Ph.:  562-602-2977

30 May 2007

SBA

C 07    3160

(PR)

Your Honor: JUDGE C. WILKEN

I am writing regarding an issue I am familiar with, i.e., the overcrowding in California prisons, as I believe that someone may be looking into it in your Court.  If they are not, I believe they should, regarding the issue herein, as it is unbelievable to me as a veteran and United States Citizen that tens-of-thousands of citizens in our nation that have broken the law and paid the price imposed on them by the Court long ago have been kept as political prisoners by a prison system that has a vested financial interest in keeping as many persons imprisonment -- illegal or not -- as possible.  In fact, the California prison system and specifically the California Correctional Peace Officers Association or CCPOA shsould be charged with criminal racketeering under federal RICO statutes for using actual human beings for capital gains.  I speak from experience, as the attached exhibits will show that my brother, who committed an offense in 1982, went to CDCR in 1984, had his Minimum Eligible Parole Date (MEPD) set at 1992 and his Maximum Release Date (MRD; if he did every-thing wrong and did not earn any credits) set at 26 July 1999 in 1984, is still imprisoned under the Zero Release Policy (fn. 1) 15 years passed his set MEPD and 8 years after what would have been his Maximum Release Date.

The enclosed is one example of what could be thousands.  For political reasons, California Judges have rarely even wanted to admit that the Zero Release Policy exists.  Nevertheless, there have been a handful of cases where it has been addressed, only to have the highly political California Supreme Court step in -- against all evidence -- and state it does not exist, because a token few have actually been released.  My brother's story is reflective of thousands.  A maximum MRD, pursuant to statute (Cal. Code of Regs. (CCR), Title 15, Div. 2, § 2000(b)(64), is defined as the latest date a person can be held in confinement under the DSL (Determinate Sentencing Law enacted in 1977).  The language could not be clearer or more mandatory.  Yet, as shown by the enclosed, my brother is still being held.

If, due to their offense, a person is not going to have their MRD set, then California law mandates an "Extended Term Hearing" be held within 120 days pursuant to California Penal Code (PC)

---

1.  This "Zero Release Policy" is sometimes erroneously referred to as the "Zero Parole Policy."  Although the result is the same, the word "parole" (which is defined as "early release") implies a person is not being released "early."  In fact, tens-of-thousands are being told they are not going to

1    Who to Name as Respondent

2    You must name the person in whose actual custody you are. This usually means the Warden or

3    jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4    you are imprisoned or by whom you were convicted and sentenced. These are not proper

5    respondents.

6    If you are not presently in custody pursuant to the state judgment against which you seek relief

7    but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8    custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9    was entered.

10   A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11       1. What sentence are you challenging in this petition?

12       (a)   Name and location of court that imposed sentence (for example; Alameda

13             County Superior Court, Oakland):

14   Los Angeles County Superior Court                    Compton

15             Court                              Location

16       (b)   Case number, if known _A626213_

17       (c)   Date and terms of sentence _1984; 17yrs. + 5 yrs. parole._

18       (d)   Are you now in custody serving this term? (Custody means being in jail, on

19             parole or probation, etc.)        Yes _X_    No _____

20             Where? Fresno County, California

21             Name of Institution: _Pleasant Valley State Prison_

22             Address: _P.O. Box 8502, Coalinga, CA 93210-8502_

23       2. For what crime were you given this sentence? (If your petition challenges a sentence for

24   more than one crime, list each crime separately using Penal Code numbers if known. If you are

25   challenging more than one sentence, you should file a different petition for each sentence.)

26   _2nd Degree Murder w/ deadly weapon (Cal.P.C. 187) and 1 yr. prior._

27   _/ / /_

28   _/ / /_

PET. FOR WRIT OF HAB. CORPUS        - 2 -

3. Did you have any of the following?

    Arraignment:                         Yes __X__        No _____

    Preliminary Hearing:          Yes __X__        No _____

    Motion to Suppress:          Yes __X__        No _____

4. How did you plead?

    Guilty _____    Not Guilty __X__    Nolo Contendere _____

    Any other plea (specify) ___No_____

5. If you went to trial, what kind of trial did you have?

    Jury __X__    Judge alone_____    Judge alone on a transcript _____
    In absentia

6. Did you testify at your trial?          Yes _____    No __X__

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment                Yes __X__        No _____

    (b)    Preliminary hearing       Yes __X__        No _____

    (c)    Time of plea              Yes __X__        No _____

    (d)    Trial                     Yes __X__        No _____

    (e)    Sentencing               Yes __X__        No _____

    (f)    Appeal                  Yes __X__        No _____

    (g)    Other post-conviction proceeding    Yes _____    No __X__

8. Did you appeal your conviction?        Yes __X__        No _____

    (a)    If you did, to what court(s) did you appeal?

              Court of Appeal          Yes __X__        No _____

              Year: __1984__      Result: _Denied; not relevant_

              Supreme Court of California    Yes __X__    No _____

              Year: __1987__    Result: _Denied; not relevant_

              Any other court         Yes _____    No __X__

              Year: __NA__      Result: _NA_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS      - 3 -

1    petition?                                                      Yes _____    No  X

2    (c)    Was there an opinion?                                   Yes _____    No  X

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                                   Yes _____    No  X

5    If you did, give the name of the court and the result:

6        Not Applicable

7        / / /

8    9.  Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?               Yes  X       No_____

10        [Note:  If you previously filed a petition for a writ of habeas corpus in federal court that

11    challenged the same conviction you are challenging now and if that petition was denied or dismissed

12    with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13    for an order authorizing the district court to consider this petition.  You may not file a second or

14    subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

15    U.S.C. §§ 2244(b).]

16    (a)    If you sought relief in any proceeding other than an appeal, answer the following

17           questions for each proceeding.  Attach extra paper if you need more space.

18    I.    Name of Court:  Los Angeles Superior Court

19          Type of Proceeding:  Habeas Petition

20          Grounds raised (Be brief but specific):

21          a.  Ineffective Assistance of Counsel

22          b.  Failure to Suppress Evidence

23          c.  Violation of Sentencing Agreement

24          d.  Failure to Give Lesser Instructions

25          Result:  Postcard Denial          Date of Result: 03-DEC-02

26    II.   Name of Court:  Second Appellate District

27          Type of Proceeding:  Same as above (habeas)

28          Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS        - 4 -

1      a.___Same as "I." above._____

2      b.__/ / /_____

3      c.__/ / /_____

4      d.__/ / /_____

5      Result:__Postcard denial_____Date of Result:_3-DEC-02_

6    III.   Name of Court:__California Supreme Court_____

7      Type of Proceeding:_Habeas Corpus (same as above)_

8      Grounds raised (Be brief but specific):

9      a.___Same as "I." above._____

10     b.__/ / /_____

11     c.__/ / /_____

12     d.__/ / /_____

13     Result:_Postcard Denial_____Date of Result:_10OCT03_

14   IV.   Name of Court:__US DICTRICT COURT CEN. DIST. CAL. L.A._

15     Type of Proceeding:_Habeas Corpus (same as above)_

16     Grounds raised (Be brief but specific):

17     a.___Same as "I." above._____

18     b.__/ / /_____

19     c.__/ / /_____

20     d.__/ / /_____

21     Result:_Denied_____Date of Result:_6MAR06_

22  (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                        Yes _X___    No____

24     Name and location of court:_Ninth Circuit  06-55638_

25  B. GROUNDS FOR RELIEF

26      State briefly every reason that you believe you are being confined unlawfully.  Give facts to

27  support each claim.  For example, what legal right or privilege were you denied?  What happened?

28  Who made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS     - 5 -

1  need more space.  Answer the same questions for each claim.

2  [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One:  PETITIONER'S IMPRISONMENT IS FALSE, CRUEL AND

6  UNUSUAL PUNISHMENT AND VIOLATES FEDERAL CONSTITUTION

7  Supporting Facts:  Please see following pages.

8  / / /

9  / / /

10  / / /

11  Claim Two:  None

12  / / /

13  Supporting Facts:  NA

14  / / /

15  / / /

16  / / /

17  Claim Three:  None

18  / / /

19  Supporting Facts:  None

20  / / /

21  / / /

22  / / /

23  If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25      Issue was brought to Court by Petitioner's brother to

26  The Honorable CLAUDIA WILEN in a letter and given this case

27  number.  No Court has looked at the California prison system's

28  refusal to release inmates at the expiration of their term,

causing overcrowding.

PET. FOR WRIT OF HAB. CORPUS        - 6 -

1      List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3  of these cases:

4  McQuillion v. Duncan, 342 F.3d 1012 (9th Cir. 2003); and

5  Brown v. Poole, 337 F.3d 1155 (2003)

6

7  Do you have an attorney for this petition?        Yes_____    No X

8  If you do, give the name and address of your attorney:

9  Not applicbale.

10      WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on   30 June 2007

14              Date                      Signature of Petitioner

15                                         BARRY SIMON JAMESON

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS      - 7 -

# I.  DISCUSSION

Petitioner's offense was committed in 1982.  In 1982, the parole release period was five years for Petitioner's offense.  (Cal. Code Regs. (CCR), Title 15, Div. 2 (hereafter Title 15), § 2515. Length of Parole, subsection (d)).  Petitioner was found guilty of second-degree murder after passing on a plea bargain, because his attorney, like other attorneys, informed him that he would have to serve approximately eight more years in custody.  He had already served over a year.  Several years ago, 15-16 years ago, California's Department of Corrections and Rehabilitation (CDCR) began implementing its Zero Release Policy [1].  This oc-curred because of a violation of the Separation of Powers causing the Governor to become the Chief Executive Officer in charge of the parole board (board) in California (Cal. Penal Code (PC) §§ 3041.1 and 3041.2).  These sections nullified parole for persons convicted of murder, first or second degree.  Petitioner was sen-tenced to second-degree in 1984.

The PC sections  aforementioned have been abused for the past 15-16 years in California.  Once the Governors discovered they had the authority to deny all grants of parole, that is ex-actly what started occurring and is now guaranteed.  The proof that this is being used abusively is the fact that PC §§ 3041.1 and 3041.2 allow the Governors to review either denials or grants of parole, and not one Governor has ever asked to review a denial of parole.  On the other hand, the only persons situated as Pet-itioner with a second degree (lesser degree) murder in California

_____

1.   This is sometimes referred to as the "Zero Parole Policy" errone-ously.  This is erroneous, because parole is early release and there is no early release involved.  Morrisey v. Brewer, 408 U.S. 471, 477-78 (1972).

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
95 28391

that have been released by the parole board since the implementa-
tion of PC §§ 3041.1 and 3041.2 are ones that did at least twice
the Matrix Guideline time for their offense and were not the ac-
tual perpetrator but an aider and abettor, or they were so ill
they were about to die after serving more than a decade longer
than the Matrix Base Term Guidelines, or they litigated the board
into a corner and rather than have a favorable ruling against the
Zero Release Policy   published, CDCR released them.  The total
of these persons are less than 1%; even though the applicable
Penal Code section regarding release in California using the
clear language that a person "shall normally [have] a parole re-
lease date set" one year prior to their <u>minimum</u> eligible parole
date.  (PC § 3041)  When a light switch comes on <u>normally</u>, it is
far more than 51% of the time.  "Normal" is in the 95-99% range.
California Courts have allowed this less than 1%, and many times
less than one-half of 1%, rate to continue since the enactment of
the Penal Code allowing the Governors to void the "shall normally"
standard with the completely politically satisfying "rarely ever,
if at all" standard.

     With Petitioner and all others similarly situated, who were
told by their attorneys and the Courts they would serve approxi-
mately 9 years on  17 years (15 years, plus 2 years of enhance-
ments), because of earned day-for-day credits, now being resen-
tenced to Death-in-Prison, not only has the violation of the
Separation of Powers been manifested in the system allowing the
Executive Branch to resentence Petitioner and others, but as this
Court is presently looking into, of course California's prisons
are overcrowded.  People come in on the premise they should get

9

out pursuant to unambiguous statute that uses mandatory language early on parole or late upon discharge and are immediately informed by CDCR staff that they will never be released. This false imprisonment is cruel and unusual punishment in violation of the Separation of Powers, Due Process (notification) and a clear violation of the Federal Constitution.

At sentencing, pursuant to PC §§ 12 and 13, the Court told Petitioner, like his counsel did, that he was receiving a 15-year Base Term, plus two 1-year enhancements, or 17 years with a 5-year period of parole. His 17-year term was reduced pursuant to PC §§ 2931, 2933 and 2934, which allowed him day-for-day credits, although CDCR refuses to give him his already earned credits, claiming they do not count until he is suitable for parole. The problem with this scenario is that Petitioner and a select group of inmates that committed their offenses prior to 1983 have a finite 5-year period of parole, or even the lesser 3-year period of parole as set forth in PC § 3000(b)(1), because Petitioner is under the provisions of PC § 2931. He has served 24 years of actual time with approximately 23 years of earned credits, for a total of 47 years. He was sentenced to 17 years with a 3 or 5-year parole period. This means, if he was found suitable for parole's early release provisions today, parole board members are required to fix his Base Term, like the Court did (**EXHIBIT A**), "by utilizing the appropriate matrix of base terms provided in this section." (**EXHIBIT B**)  Mandatory language is used.  (Title 15, § 2403(a))

Mathematically—even if Petitioner had all his credits ignored by CDCR, as they have been—once CDCR does the required utilization of the appropriate Matrix Base Terms and adds the maximum

10

1  period of parole (3 or 5 years), he has done so much time that he

2  can only be discharged.

3       Persons with first or second degree murders after 1983 have

4  parole for the remainder of their lives; thus, jurisidction for

5  such length, until they are discharged.  They are not similarly

6  situated.  This has created the problem at issue.  Petitioner has

7  been grouped in with persons that have lifetime jurisdiction, and

8  CDCR refuses to acknowledge that he is in a group of thousands

9  that have exceeded their sentences and their maximum parole win-

10  dow.  CDCR has lost any jurisdiction over him years ago.

11       Finally, Petitioner did not file this as a petition in this

12  Court.  Petitioner's brother, who understood that The Honorable

13  CLAUDIA WILKEN, District Judge, was involved in hearings regard-

14  ing California's prisons being overcrowded (Petitioner's prison

15  is well over 200% capacity) in conjunction with two other United

16  States District Courts in California, felt compelled to send the

17  Judge a letter explaining one of the reasons California prisons

18  were overcrowded, i.e., regardless of statutes and regulations,

19  CDCR was simply refusing to parole persons under the ruse that

20  they were being considered for parole.  Petitioner's brother

21  pointed out that the Court and CDCR had fixed Petitioner's Maxi-

22  mum Release Date (MRD) at 1999 since Petitioner's arrival in CDCR,

23  yet completely ignored it.  When he has written to CDCR officials

24  about Petitioner, they refuse to even acknowledge why they are

25  ignoring the law.  Once he wrote District Judge WILKEN, a case

26  number was assigned to this petition and it was sent to Petition-

27  er.  The following are the legal arguments showing that Petitioner

28  is one of thousands being falsely imprisoned for money.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
85  28391

## II.    PRISON OFFICIALS ARE REFUSING TO DISCHARGE PETITIONER LONG AFTER HIS ENTIRE SENTENCE HAS EXPIRED

Second degree murder in California has sentencing options between 15 years and life; 15 being the minimum and life being the aggravated maximum.    Since the enactment of California's Penal Code (PC) [2.] in 1873, California has encoded the Separation of Powers into §§ 12 and 13.    Specifically, these two sections mandate the Court—and only the Court—both **determine** and **impose** their determination of what the length of a sentence will be when there are sentencing choices between certain lower and upper choices, as in 15 years to life.    In fact, it is illegal under California law for a Court not to fix a sentence (a sentence is made up of two parts; a fixed term and a parole period); especially, when the sentence is left open between certain limits.

Section 12 mandates the Court has a duty to "determine and impose the punishment prescribed."    But § 13 is far more specific in its mandates, and it prohibits a sentence being left open between certain limits set by statute, e.g., 15 years to life for second degree murder (§ 190) or 3 years to 9 years for robbery (§ 213).    The Court must choose a Base Term and set a parole term.

> § 13.    **Limits to punishment stated; authority to sentence within limits**
>
> PUNISHMENTS. HOW DETERMINED.    Whenever in this Code the punishment for a crime is left undetermined between certain limits, the punishment to be inflicted in a particular case must be determined by the court authorized to pass sentence within such limits as may be prescribed by this code.    [Emphasis added.]

In Petitioner's case, the choices were from 15 years to life.

2.    Unless otherwise stated, all references are to the Penal Code.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

95  28391

1  The Court, following the guidance of § 13, fixed Petitioner's
2  Base Term at 15 years, plus two years of enhancments or 17 years,
3  and the Court added a five-year parole period.[3.]  This is a total
4  of 22 years maximum actual time—if no credits are issued.  The
5  Court's choices complied with §§ 12 and 13 (see **EXHIBIT A**; Court's
6  selections).  This also complies with § 1168(b), which, in its per-
7  tinent part, reads "the court imposing the <u>sentence</u> shall not fix
8  the <u>term</u> or duration of the period of imprisonment."

9      What CDCR has attempted to do is mix term-fixing with sen-
10  tence imposition.  A "term" is not a "sentence."  It takes a
11  term and a period of parole to equal a sentence.  (See § 1170(c)
12  explaining parole is part of the sentence after the "term" part.)
13  It would look as follows:

14  
| Total Sentence Imposed is 22 years | |
|---|---|
| Term or Base Term | Parole |
| 15 yrs. + 2 = 17 yrs. | 5 yrs. |

18      Respondent attempts to convince the Courts that Petitioner
19  received "Life."  There are Life sentences in California, but the
20  Legislature specifically put a minimum and a maximum, and Calif-
21  ornia statute mandates when the sentence is left open between cer-
22  tain limits, only the Court must specify what the total sentence
23  (term + parole) is.  In this case, they did.

24      Prior to the enactment of §§ 3041.1 and 3041.2 allowing the
25  Governors to deny all paroles (after all the Governors have never
26  used their statutory authority to review a "denial" of parole and

27  _____
    3.  Petitioner was sentenced under § 2931, and § 3000(b)(1) uses mandatory
28  language and limits parole to three years maximum if a person is subject to
    the provisions of § 2931.  Therefore, 5 years parole appears incorrect.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
95  28391

1  have only used this power to review and reverse "grants" of par-

2  oles), persons regularly received parole releases under the "shall

3  normally" standard.  Persons sentenced to "Life" sentences were

4  required to served a prison term of 7 calendar years prior to

5  being considered for parole release; yet, parole was for the re-

6  mainder of the persons life and prison officials retained juris-

7  diction until the person died or received a pardon.  Petitioner's

8  sentence under the Determinate Sentencing Law (DSL) for second

9  degree murder of 15 years to life, is an increase from the DSL

10 5 years to 7 years option for second degree murder under the DSL.

11      Under California law, there is no presumption of aggrava-

12 tion.  Respondent attempts to convince the Courts that Petitioner

13 received the maximum aggravated "Life" sentence.  Petitioner did

14 not, as Petitioner received a unique, short-lived sentence that

15 occurred between 1978 and 1983, with a finite term followed by a

16 finite period of parole.  (See, e.g., § 1170(b) which, in its per-

17 tinent part, reads "[t]he court shall set forth on the record the

18 facts and reasons for imposing an upper or lower term.")  Clearly,

19 the Court chose 17 years plus a 5-year period of parole.

20      Arriving in CDCR, prison officials immediately followed suit

21 and fixed his Base Term just as the Court did at 17 years.  It re-

22 mained fixed until the entire 17 years had expired, and remains as

23 such today (**EXHIBIT C**).  Recently, his finite 5-year parole period

24 has also expired also; yet, CDCR contends they are still "consi-

25 dering" him for parole, when that is nothing but a sham.  Petit-

26 ioner is not the first person to use the word "sham" to define

27 prison officials consideration of parole release.  In 1988 (review

28 denied 1989), in In re Monigold, 253 Cal.Rptr. 120, the California

14

Court of Appeal identified how disingenuuous the concept of parole release was in California, when the Attorney General, Respondent's counsel, submitted an argument stating that it was essentially ir-relevant when an inmate went to a parole release hearing, because it was "highly improbable" they could actually obtain release.

> Moreover, the Attorney General's claim that an earlier release is highly improbable, ob-jectively examined, boils down to the cynical suggestion that our parole procedure, at least in the initial stages is a meaningless sham. We cannot lend judicial support to the notion [although the Court did by not acting], even if it is true as a practical matter. [Emphasis added.]

On 01 August 2006, the U.S. District Court for the Central District of California, in Rosenkrantz v. Marshall, 444 F.Supp.2d 1063, 1081, held "the state cannot constitutionally [] have a sham system where the judge promises the possibility of parole, but be-cause of the nature of the crime [i.e., murder], the [parole board] effectively deletes such from the system." After all, "[n]obody elected the [parole board] commissioners as sentencing judges." Id. Nevertheless, this is exactly what has happened and this has been continuing for almost twenty years. It is much like the childs' story about the Emporer having no clothes on. Everyone knows about it, but no one will say anything, until an innocent child speaks the truth.

Here, Petitioner received a Base Term and finite parole per-iod from the Court, as statute mandates. CDCR fixed his Maximum Release Date or MRD (Cal. Code Regs. (CCR), Title 15, § 2000(b)(64)) at 17 years in 1999. A MRD is defined as "the latest date on which a DSL prisoner can be released from confinement." One look at Petitioner's MRD (EXHIBIT C) shows that it was set in 1984, when

15

1  Petitioner first arrived in prison.  The reason Petitioner's MRD
2  was set promptly upon his arrival in CDCR is because the Californ-
3  ia Supreme Court mandated such in In re Rodriguez, 14 Cal.3d 639
4  (1975), when they mandated that a primary term, which was exclu-
5  sive of the early parole release date, must be fixed promptly."
6  This was mandated, because the California parole board had spent
7  the previous 60 years using parole to extend sentences and became
8  so abusive that the DSL was implemented.  Consequently, prison of-
9  ficials were instructed to fix terms promptly and they did.  In
10  fact, looking at EXHIBIT C, the Court can see this 1999 date was
11  reviewed and reaffirmed year after year and decade after decade;
12  yet, it never occurred to CDCR that they had a legal or constitu-
13  tional duty to actually release Petitioner.

14      CDCR cannot build their empire if they have to release per-
15  sons, as a balance must be maintained.  With prison guards earn-
16  ing 100,000 dollars a year for reading magazines and newspapers
17  all day to kill hte boredom, their union has a vested interest in
18  keeping as many actual human beings imprisoned long after their
19  sentences as possible.  There is more.

20      In 1984 when Petitioner committed his offense, the law re-
21  quired if CDCR wanted to extended his "term" (they have no legal
22  authority to extend his sentence), they must review his term as
23  set by the Court (EXHIBIT A), and if administratively they feel
24  Petitioner should serve a longer term, they must notify Petitioner
25  within 90 days and hold a Serious Offender Hearing (SOH), now
26  administratively called an Extended Term Hearing (ETH), within 120
27  days.  This provision is set forth in § 1170.2 has a title that
28  refers to offenses that were committed prior to 01 July 1977, but

16

§ 5078(a) explains that the parole board that is presently seated "shall exercise and perform all the powes and <u>duties</u> granted to, exercised by, and imposed upon the [previous parole boards]." [Emphasis added.]  One of their duties was to consider whether a SOH/ETH should be held.  If one is not held, it is illegal and a violation of due process and the statute of limitations to extend a prison term 20 years later.  This was the purpose of <u>Rodriguez</u> that brought about the DSL, i.e., to either fix a term promptly or hold a hearing and while allowing due process explain to a person why they were not going to have their term fixed.  The exhibits attached hereto clearly show that prison officials chose to fix Petitioner's term year after year at the same date. [4.]  It has remained intact for 24 years, no Extended Term Hearing (see **EXHIBIT D**) was held, Petitioner has now exceeded it and his entire parole period—without considering any credits he is owed by CDCR—and because of the Zero Release Policy, Petitioner is being kept imprisoned.

Petitioner is being subjected to a Bill of Attainder in violation of the Federal Constitution's prohibitions against such, because of his status as a disfavored person.  The Supreme Court in <u>Calder v. Bull</u>, 3 Dall. 386, 388 (1798), clarified the definition of a Bill of Attainder is "authoriz[ing] manifest injustice by positive law" and laws "stimulated by [personal] ambition, or personal resentment, and vindictive malice."  What could be more of a Bill of Attainder than holding persons in prison years or over a decade after the end of their sentences in America than to do so

---

4.  The first page of **EXHIBIT C** shows the Maximum Release Date was fixed in 1984 at 10 August 1999.  Petitioner was given 15 days of credits shortly thereafter, and all other Maximum Dates have been 26 July 1999 for 23 years.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

1  solely to gain political votes by being able to point at human

2  beings and proclaim to the masses, "Look!! I refused to release

3  them and never will!!" Protection against arbitrary government

4  action is what the Fifth and Fourteenth Amendments were designed

5  to prevent. Wolff v. McDonnell, 418 U.S. 539, 558 (1972).

6      Courts violate due process guarantees when they impose un-

7  expected criminal penalties by construing existing laws in a manner

8  that the accused could not have foreseen at the time of the al-

9  leged criminal conduct. People v. Blakely, 96 Cal.Rpr.2d 451

10 (2000), citing U.S. v. Lanier, 520 U.S. 259, 266-67 (1997); Marks

11 v. U.S., 430 U.S. 188, 191-92 (1977); and Bouie v. City of Columbia, 378

12 U.S. 347, 353 (1964). It is virtually impossible to read the crimi-

13 nal statutes at issue, set forth herein, as well as administrative

14 regulations, in 1982 when the offense occurred, and conclude that

15 Petitioner was sentenced to die in prison. After all, he entered

16 CDCR in his twenties and is in his fifties without ever having

17 been charged with doing anything violent to anyone, despite being

18 attacked, jumped, shot at and all the plethora of other violent

19 acts he has been subjected to in prison by guards and inmates

20 alike.

21      CDCR correctly define Petitioner's term as a DSL Indeter-

22 minate Term. In other words, the sentence is finite, but because

23 the term fluctuates with credits or rule violations, it is inde-

24 terminate; thus, determinate sentence (DSL) and indeterminate

25 term. (See, e.g., DOM § 73010.6.16; EXHIBIT E.) The California

26 Supreme Court has held "[o]nce prisoner has completed his fixed

27 term [or Maximum Release Date], board is mandated to release him."

28 In re Rogers, 28 Cal.3d 429, 435 (1980).

18

It is well established that the State can create a liberty interest protected by the Due Process clause.  See Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 461-63 (1989).  In order to create a protected liberty interest, "[t]here must be 'objective and defined criteria' which the decisionmaker is required to respect."  Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 844 (9th Cir. 1985), citing Connecticut Board of Pardons v. Dumschat, 452 U.S. 458, 467 (1981) (BRENNAN, J., concurring).  The language of the penal and administrative statutes is mandatory and unambiguous.  Petitioner's Maximum Release Date has been given such titles as:  (i) Term; (ii) Total Term; (iii) Max Date; (iv) Maximum Eligible Parole Date; (v) Maximum Eligible Parole Date (Lifers); (vi) Days in Custody of the Department [clearly jurisdictional]; and last, but not least (vii) Days Left to Serve.  What could create more of a liberty interest than the four words:  DAYS LEFT TO SERVE?  All of the dates attached to these are 26 July 1999 or 17 years for a "maximum" (prior to credit reductions).  This is also exactly what the Court fixed Petitioner's Base Term at.

In Santobello v. New York, 404 U.S. 257, 262-63 (1971), the High Court held that a Court was bound by the promises made therein.  No party has disputed that the Court fixed Petitioner's Base Term at 17 years aggregate (**EXHIBIT A**) with a maximum 5 years of parole.  The evidence is intaglio and expressed in the "Judgment."  In Brown v. Poole, 337 F.3d 1155 (9th (Cal.) 2003), petitioner Brown found herself subjected to the same Zero Release Policy.  She petitioned the Court complaining that in Court the prosecutor had promised her she would only have to do 15 years for second degree murder, with one-half off in good conduct credits, or 7½ years total.

19

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

95  28391

1    Brown had already served over 17 years and had not been released,

2    when the Ninth Circuit held enough was enough and mandated the

3    Superior Court honor its promises.  The Brown Court held that:

4         Plea agreements are contractual in nature
          and are measured by contract law standards.
5         [Citation omitted.]  [¶]  The question is
          whether the additional concessions are bind-
6         ing.  Brown's due process rights conferred
          by the federal constitution allow her to
7         enforce the terms of the plea agreement.
          See Santobello [supra].  [Other citations
8         omited.]

9         Here too the question is whether any of the promises in wri-

10   ting by both the Court and CDCR promising Petitioner a 17-year term

11   and a 5-year parole period are binding.  In Brown, the prosecutor's

12   offer during a plea colloquy was held  binding.  Surely the Court's

13   stating on a Judgment form that they select 17 years, as required

14   by §§ 12 and 13, followed by CDCR doing the  same for as long as

15   Petitioner has been in CDCR has to create a protected liberty int-

16   erest.

17        In McQuillion v. Duncan, 342 F.3d 1012 (9th Cir. 2003), the

18   Ninth Circuit found that McQuillion had served in excess of his

19   possible term and parole period for two first degree murders.  His

20   term had expired in 1994, and like Petitioner, McQuillion had a

21   finite three-year period of parole.  This means his entire sentence

22   (term + parole) expired in 1997.  In 2003, because of the Zero Re-

23   lease Policy, the Attorney General's Office was arguing that he

24   should not be released, and basically clinging to straws.  The Ninth

25   Circuit realized that McQuillion, like Petitioner, could never be

26   paroled, because mathematically he had served in excess of his sen-

27   tence.  McQuillion was ordered immediately discharged without par-

28   ole, because the Court realized CDCR and the board had lost all

20

jurisdiction. Petitioner, who is entitled to his already earned day-for-day credits under §§ 2931, 2933 and 2934 but has not been given them, has 24 actual years and approximately 23 years of credits to apply to his sentence. CDCR's Matrix Base Term Guidelines (**EXHIBIT B**) ranges from 15 years (the minimum mitigated) to 21 years (maximum aggravated). Even if Petitioner was given the "maximum and aggravated" (it does not actually apply to him) Base Term—twice—he would have completed his Base Term and parole period also. There are no guidelines that could explain why Petitioner has 47 years of actual and earned credits towards a second degree Matrix Guidelines (CCR, Title 15, § 2403(c)). The Matrix of Base Terms for first degree murder (id. at 2403(b)) range from 25-33 years. Petitioner has served almost twice the amount for a first degree murder under the Zero Release Policy.

> Published prison regulations may create a
> protected interest. Olim v. Wakinekona,
> [461 U.S. 238, 249-50 (1983)]. . . .
> [C]ircuit courts generally have held that
> explicit written pronouncements may create
> a protected interest. [Citations omitted.]
> Baumann, 754 F.2d at 844.

All prison regulations set forth herein have explicit language promising Petitioner's release and on a specific date—at the latest. At this point, Petitioner is not even addressing the possibility of early release on parole, as like McQuillion, it has become an impossibility. In Johnson v. Williford, 682 F.2d 868 (9th Cir. 1982), prison officials erroneously fixed Johnson's release date over and over. He reached it and was released, until his parole officer read the paperwork and found he was not entitled to the release date that was given him and re-

21

1 turned to prison.  In summary, the Ninth Circuit held that a lib-
2 erty interest was created when prison officials started informing
3 him of his release date; although an erroneous one.  Comparing
4 that to the instant case where Petitioner has been given his
5 Maximum Release Date in 1999 for over 20 years, Petitioner surely
6 must have a liberty interest, as Petitioner is better situated, in
7 that he has legally been allowed to leave prison since 1992.  Pe-
8 tioner's release is clearly not premature like Johnson's.  After
9 all, "[e]ven convicted criminals are entitled to be treated by
10 their government in a fair and straightforward manner."  Id. at 872.

11     The general rule is that a change in a legal sentence to
12 increase  the penalty it imposes violates the double jeopardy
13 clause.  U.S. v. Wingender, 711 F.2d 869 (1983); see Kennedy v.
14 United States, 330 F.2d 26, 27-28 (9th Cir. 1964).  Double jeo-
15 pardy clause's protection against multiple punishments prohibits
16 government from punishing twice or attempting a second time to
17 punish criminally for the same offense.  [Emphasis added.]  U.S.-
18 v. Ursery, 116 S.Ct. 2135 (1996), on remand 93 F.3d 1485.  This
19 is exactly what has been occurring.

20     California's administrative code (CCR, Title 15, Div. 2, §
21 2345, "Excess Credit," states "[i]f any custody credit remains
22 after deducting it from the offense to which it applies, the re-
23 maining credits shall be deducted from the parole period."  In
24 the instant case it nullifies any parole period.  Further impri-
25 sonment for political gains is double jeopardy, a violation of
26 due process and the separation of powers, a bill of attainder, a
27 violation of the laws of statutory construction, and would appear
28 to be morally offensive when persons are literally imprisoned with

22

1  the sole purpose being to keep prisons overcrowded, which creates

2  a call for more prisons, which builds the empire, forces persons

3  to move up the CDCR ladder and on and on.  A constitution that is

4  not violated by such actions is useless.

5                              CONCLUSION

6       For all the foregoing reasons, Petitioner requests that the

7  contents of this petition be reviewed by The Honorable CLAUDIA

8  WILKEN, in re the ongoing litigation regarding why California's

9  prsions are overcrowded, as Petitioner is in a unique group  of

10 persons with a finite term and finite parole period that have long

11 ago expired but is being held for financial reasons.  The writ

12 should issue, as the evidence is undisputed and the language of

13 the administrative and penal statutes in support of Petitioner's

14 contentions are mandatory and unambiguous.  Petitioner has a lib-

15 erty interest that has existed for over fifteen years in being

16 released, he cannot be paroled, and he must be discharged.

17      01 July 2007

18                       Respectfully submitted,

19

20

21                       BARRY SIMON JAMESON
                         Petitioner,
22                       Representing Self and
                         Layman at Law. Under
23                       Disability of Imprisonment

24

25 Attachments

26 :bsj

27

28

                              23


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
95  28391

# EXHIBIT A

DEPT. SC G **256**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

JUNE 15, 1984

KURT J LEWIN                JUDGE

N NAVARRE              Deputy Sheriff

RABLE:

L RIVAS , Deputy Clerk

G DONESTER , Reporter

(Parties and counsel checked if present)

A 626213

PEOPLE OF THE STATE OF CALIFORNIA

VS

01 JAMESON, BARRY

187 01CT    PRIOR

Counsel for Plaintiff  R Philibosian

, DISTRICT ATTY.    BY

t smith          DEPUTY

Counsel for Defendant  W Littlefield  ; PUBLIC DEFENDER  BY

L MCMILLAN  DEPUTY

**NATURE OF PROCEEDINGS PROBATION AND SENTENCE**

(Boxes checked if order applicable)

DEFENDANT'S MOTION FOR NEW TRIA L IS DENIED

COURT ADIVSES DEFENDANT OF HIS APPEAL RIGHTS

PROBATION DENIED. SENTENCE AS INDICATED BELOW.

Whereas the said defendant having......BEEN..........duly........FOUND
guilty in this court of the crime of MURDER, IN VIOLATION OF SECTION 187 OF THE
PENAL CODE , A FELONY AS CHARGED IN COUNT I OF THE INFORMATION AND
FURTHER FIND IT TO BE MURDER IN THE SECOND DEGREE.

COURT SELECTS FIFTEEN YEARS FOR THE BASE TERM AS TO COUNT I PLUS
ONE YEAR PURSUANT TO PENAL CODE SECTION 12022(b) CONSECUTIVE PLUE
ONE YEAR PURSUANT TO 667.5(b) & 1203(e)(4) PENAL CODE CONSECUTIVE.

It is Therefore Ordered, Adjudged and Decreed that the said defendant be punished by imprisonment in the
State Prison.
FIFTEEN YEARS TO LIFE, PLUE ONE YEAR PURSUANT 12022(b)
AND ONE YEAR FOR SECTION 667.5(b) & 1203(e)(4) PENAL CODE,
FOR A TOTAL OF 17 YEARS TO LIFE

☒ Defendant is given credit for............441................days in custody, includes 147 days GT/WT.
It is further Ordered that the defendant be remanded into the custody of the Sheriff of the County of Los Angeles
and delivered by him into the custody of the Director of Corrections at the California State Institution
☒ for Men at Chino, California
☐ for Women at Frontera, California

**ENTERED**

JUNE 15, 1984

JOHN J CORCORAN

COUNTY CLERK

AND CLERK OF THE

SUPERIOR COURT

☐ Remaining count(s) dismissed in interests of justice.
☐ Bail exonerated.

jj

(5)

# EXHIBIT B

CALIFORNIA CODE OF REGULATIONS
C.C.R. TITLE 15, DIVISION 2

§ 2404

# Title 15

## Board of Prison Terms

(c) Matrix of Base Terms for Second Degree Murder on or after November 8, 1978.

### CIRCUMSTANCES

*(circled)* SECOND DEGREE MURDER — Penal Code § 190 (in years and does not include post conviction credit as provided in § 2290)

*(handwritten)* PRIOR TO CREDIT REDUCTION

| CIRCUMSTANCES | A. Indirect — Victim was indirect, i.e., victim of crimes related to the act of the prisoner but was not directly the subject by prisoner with deadly force, e.g., shock producing heart attack, which actually did the killing. | B. Direct or Victim Contributed — Death was a direct immediate or resulted in but partially from contributing factors from the victim, e.g., victim initiated an attack to which the prisoner responded. Include the victim acting in defense of self or present. | C. Severe Trauma — Death resulted from severe trauma inflicted with deadly intensity, e.g., beating, clubbing, stabbing, strangulation, burning, multiple wounds inflicted with a weapon and resulting in immediate death or actions calculated to induce terror in the victim. |
|---|---|---|---|
| V I C T I M — I. Participating Victim — Victim was an accomplice or otherwise implicated in a criminal act with the prisoner during which or as a result of which the death occurred, e.g. crime partner, drug dealer, etc. | 15-16-17 | 16-17-18 | 17-18-19 |
| II. Prior Relationship — Victim was involved in a personal relationship with prisoner (spouse, family member, friend, etc.) which contributed to the motivation for the act resulting in death. If victim had a personal relationship with prisoner but was a crime partner, see the offense, see Category IV. | 16-17-18 | 17-18-19 | 18-19-20 |
| III. No Prior Relationship — Victim had little or no personal relationship with prisoner, or motivation for act resulting in death was related to an accomplishment of another crime, e.g. death of victim during robbery, rape, or other felony. | 17-18-19 | 18-19-20 | 19-20-21 |

### SUGGESTED BASE TERM

NOTE: Authority cited: Section 5076.2, Penal Code. Reference: Sections 3040 and 3041, Penal Code.

#### HISTORY

1. Editorial correction filed 10-8-81; effective thirtieth day thereafter (Register 81, No. 41).
2. Amendment of subsection (a) filed 1-20-88; operative 2-19-88 (Register 88, No. 5).

**§ 2404. Circumstances in Aggravation of the Base Term.**

(a) General. The panel may impose the upper base term or another term longer than the middle base term upon a finding of aggravating circumstances. Circumstances in aggravation of the base term include:

(1) The crime involved some factors described in the appropriate matrix in a category higher on either axis than the categories chosen as most closely related to the crime;

(2) The victim was particularly vulnerable;

(3) The prisoner had a special relationship of confidence and trust with the victim, such as that of employee-employer;

(4) The murder was committed to preclude testimony of potential or actual witnesses during a trial or criminal investigation;

(5) The victim was intentionally killed because of his race, color, religion, nationality or country or origin;

(6) During the commission of the crime the prisoner had a clear opportunity to cease but instead continued;

Page 75

(4-1-90)

# EXHIBIT C

| CDC NUMBER | ALPHA ID | NAME | | TERM STARTS | |
|---|---|---|---|---|---|
| C-88511 | | JAMESON, Barry | | 07-02-84 | WHITE |

| MAX. RELEASE DATE | MIN. RELEASE DATE | MIN. ADJ. RELEASE DATE | PAROLE PERIOD |
|---|---|---|---|
| 3-10-99 TO BE DETERMINED | MEPD: ~~12-26-87~~ 2-7-94 | GT CR LOST/AT LARGE/BAIL ~~3-3-94~~ 5-30-95 | 05 Years |

BASE TERM   15-00   + ENHANCEMENTS   02-00 ~~000~~ = TOTAL TERM   17-LIFE

GOOD TIME CREDITS AVAILABLE (2931 PC) (PC ~~230~~ ~~461~~    BC ~~1442~~ ) = ~~1923~~ 921  691 660

PRE PRISON CREDITS:        CASE NO.   LA A626213

HEARINGS:
RX:   04-85  Dec #2
DOC:  12-87  12/90
INIT: ~~11-93~~  1/94
      10-92  3/93
          11/92

2934 pc

| | |
|---|---|
| 2900.5 PC | 294 |
| 1202.03 PC | |
| 2900.1 PC | |
| CRC | |
| Mental Health | |
| 4019 PC | 147 |
| 2931 PC | |
| Post Sentence | 16 |

TOTAL PRE PRISON CREDITS (DAYS)        457

REGISTRATION REQUIRED PER

| DATE REC'D | CO. CASE NO. | CT. | CODE & OFFENSE | TYPE WPN. | DATE OF OFFENSE | SENTENCE DATE |
|---|---|---|---|---|---|---|
| | | | CONTROLLING PRINCIPAL AND CONSECUTIVE (INCLUDING ENHANCEMENT) OFFENSE(S): | | | |
| 02-84 | LA A626213 01-PPT | 01 | P187 MURDER 2nd 15-LIFE P12022(b) W/USE D/W | KNIFE | 12-29-82 | 06-15-84 |

Correction
F/S

DEFENSE ATTORNEY:  L. McMillan
INVESTIGATING AGENCY:  Los Angeles Sheriff

| NAME | JAMESON | C-88511 | LPU | 11-11-84 | RD/mlb |
|---|---|---|---|---|---|

CDC 188C (1/81)        Ex. P.

| | Chapter: 70000 Case Records Information |
|---|---|
| California Department of Corrections OPERATIONS MANUAL | Subchapter: 73000 Legal |
| | Section: 73030 Time Computations |

**73030.8.7 MAXIMUM RELEASE DATE**

**73030.8.8 MINIMUM RELEASE DATES**

The maximum release date is calculated by adding the term ordered by the court to the term starts date and subtracting applicable preprison credits.

ISL (crime committed prior to 7-1-77):

- The minimum term is established by statute.

- The minimum eligible parole date (MEPD) is determined by adding the statutory minimum term of confinement or the result of computation of aggregate minimum terms to the received date and subtracting any applicable preprison credits.

DSL (PC Section 2931, crime committed on or after 7-1-77):

The minimum DSL (MIN DSL) release date is calculated by subtracting all applicable days of goodtime credit from the maximum release date.

- This date shall be adjusted by any credits forfeited and/or restored in the disciplinary process.

DSL IWTIP (PC Section 2933, crime committed on or after 1-1-83):

The earliest possible release date (EPRD) is determined in these steps:

- Subtract all earned worktime credit, adjusted by any loss/restoration, from the maximum release date, the result of which is the current release date.

- Subtract from the current release date the date through which credit was applied.

- Divide the remaining number of days eligible for credit based on credit earning status

- Subtract the resulting number of days from the current release date. That date is the EPRD.

An EPRD is a projected date contingent upon the inmate remaining in the same credit earning work group, having no unexcused absences and no forfeited or restored credit.

VESTED CREDITS

PURSUANT TO PC 2934

A 1. Date Signed Waiver                                                 85-10-30

  2. Date Received CDC-on controlling term                        −      84-7-2

  3. Days served to Date                                          =      475

  4. Days Post Sentence Credit                                    +      16

  5. Total Days Served to Date                                    =      501


B 1. Credits to be Vested Pursuant
     to PC 2934 (A 5 ÷ 2) (Reduce
     fraction to lower whole number)                              =      250

C 1. Date Received CDC-on controlling term                              84-7-2

  2. Term                                                         +      17-0-0

                                                                  =      2001-7-2

  3. Pre-Sentence Credits                                         −      457

                                                                  =      2000-4-1

  4. Minus B 1                                                    −      250

  5. Max Date                                                     =      99-7-26

  6. Credits Lost Per PC 2932                                            15

  7. Max Date                                                     =      99-8-10

D 1. Date Signed Waiver                                           −      85-10-30

  2. No. of Days Left to Serve Pursuant
     to PC 2933                                                   =      5032

  3. Divide Line 3 by 2 (Reduce fraction
     to lower whole number)                                       =      2516

  4. Earliest Possible Release Date
     Subtract Line 3 from Line C7                                 =      92-9-19

E 1. Parole Referral Date
     9 months prior to D4                                         =

Correctional Case Records Staff, Title          2-3-88
                                                DATE

CDC  C 88 5-11          NAME                    INSTITUTION

 

RECALCULATION OF MEPD FOR 15-LIFE AND 25-LIFE PRISONERS
RECEIVED PRIOR TO 5-27-87
PURSUANT TO IN RE MONIGOLD (1988) 205 CAL. APP. 3d 1224
NO DSL TERM OR DSL TERM COMPLETED

A. CREDITS VESTED PER PC2934 (If offense date prior to 1-1-83)
   1. Total days served prior to waiver date (Waiver date
     - received date + postsentence credit)            = _501_
   2. A1 ÷ 2 (round down)                        = _250_ ✓
   3. Less credits lost per PC2932            = _15_
   4. Credits to be vested                  = _235_

B. MAXIMUM ELIGIBLE PAROLE DATE
   1. _84-7-2_   +  _17yrs_           = _2001-7-2_
      RECEIVED DATE     TOTAL TERM         BASE DATE
   2. Less total preconfinement credit       - _457_
   3. Less A4 OR vest 1/2 postsentence credit   - _235_
   4. MAXIMUM ELIGIBLE PAROLE DATE         = _99.8.10_

C. WORKTIME CREDIT PER PC2933/PC2934
   1. Less NET worktime credit earned from waiver/
     received date through 2-15-89 or end of DSL
     term if later                       - _1065_ ✓
   2. Current MEPD (cannot exceed B4)       = _96.9.9_

D. GOOD TIME CREDIT PER PC2931
   1. Date credit applied through (2-15-89
     or date DSL term ends if later)    - _842.15_
   2. Days left to serve              = _2763_
   3. Divide by 3 (round up)                     = _921_
   4. PC Balance (D3 ÷ 4)             = _230_
   5. BC Balance (D4 x 3)             = _691_

E. RECALCULATED MEPD (C2 - D3)            = _94.3.3_
   1. Add credits lost for CDC 115's after D1   + PC___ BC___
   2. Subtract restorations for credit losses in E1  - PC___ BC___
   3. New PC/BC Balance           PC= _230_ BC= _691_
   4. Add any 7 or 9 year MEPD CS Life term(s)    + _0_

F. ADJUSTED MEPD (E + E1 - E2 + E4)         = _94.3.3_

G. INITIAL PAROLE CONSIDERATION HEARING       = _2/93_
   (13 months prior to F)                      month/year

H. NEXT DOCUMENTATION HEARING    # _2_      = _12/90_
                                          month/year

Your Minimum Eligible Parole Date has been recalculated pursuant to
In Re Monigold and you have been granted _1065_ days worktime credit
from _10-30-85_ through 2-15-89/the end of your DSL term (circle one).
Your recalculated/adjusted (circle one) MEPD is _3.3.94_. Your initial
life parole consideration hearing will be scheduled during the month
of _2/93_/first available calendar (circle one).

_S Taylor CRpS_              _10/23/89_
CASE RECORDS STAFF             DATE

C 88511           _Jamison_          CPT~

RECALCULATION OF MEPD FOR 15-LIFE AND ~~~~~~~ ~~~~~~~
( ) RECEIVED PRIOR TO 5-27-~
PURSUANT TO ~~~ RE MONIGOLD (1988) 205 C~/. APP. 3d 1224
NO DSL TERM OR DSL TERM COMPLETED

*To: BECKY DARDEN*
*916-324-1345*

**A. CREDITS VESTED PER PC2934 (If offense date prior to 1-1-83)**
1. Total days served prior to waiver date (Waiver date
   - received date + postsentence credit)                    = **501**
2. A1 ÷ 2 (round down)                                        = **250**
3. Less credits lost per PC2932                               = **0**
4. Credits to be vested                                       = **250**

**B. MAXIMUM ELIGIBLE PAROLE DATE**
1. **7-2-84** + **17**                                        = **7-2-2001**
   RECEIVED DATE   TOTAL TERM                                   BASE DATE
2. Less total preconfinement credit                           - **457**
3. Less A4 OR vest 1/2 postsentence credit                    - **250**
4. MAXIMUM ELIGIBLE PAROLE DATE                               = ~~7-26-1999~~

**C. WORKTIME CREDIT PER PC2933/PC2934**
1. Less NET worktime credit earned from waiver/
   received date through 2-15-89 or end of DSL                - **1176**
   term if later
2. Current MEPD (cannot exceed B4)                            = **5-6-96**

**D. GOOD TIME CREDIT PER PC2931**
1. Date credit applied through (2-15-89                       - **2-15-89**
   or date DSL term ends if later)
2. Days left to serve                                         = **2637**        **879**
3. Divide by 3 (round up)                                     = **879**
4. PC Balance (D3 ÷ 4)                                        = **220**
5. BC Balance (D4 x 3)                                        = **660**

**E. RECALCULATED MEPD (C2 - D3)**                            = **12-9-93**
1. Add credits lost for CDC 115's after D1      + PC          BC **60**
2. Subtract restorations for credit losses in E1  - PC        BC
3. New PC/BC Balance                            PC=**220** BC=**660**
4. Add any 7 or 9 year MEPD CS Life term(s)                   +

**F. ADJUSTED MEPD (E + E1 - E2 + E4)**                       = **2-7-94**  *see*
                                                                             *you*
**G. INITIAL PAROLE CONSIDERATION HEARING**                   - **1-93**    *see*
   (13 months prior to F)                                       month/year

**H. NEXT DOCUMENTATION HEARING**           **12-90**         =
                                                                month/year

Your Minimum Eligible Parole Date has been recalculated pursuant to
In Re Monigold and you have been granted _____ days worktime credit
from _____ through 2-15-89/the end of your DSL term (circle one).
Your recalculated/adjusted (circle one) MEPD is _____. Your initial
life parole consideration hearing will be scheduled during the month
of _____/first available calendar (circle one).

*O'Connor CCRS*                    **10-15-90**
CASE RECORDS STAFF                       DATE

**C88511**           *Jameson, Barry*              *Rod*
NUMBER                    NAME                    INSTITUTION
5/89                  FORM A - SIDE 1

STATE OF CALIFORNIA
CREDIT/TERM COMPUTATION

**A.** MAXIMUM ELIGIBLE PAROLE DATE (LIFERS)

1.  _1-9-85_ ✱        +    _15_        =    _1-9-2000_
        RECEIVED DATE              TOTAL TERM              BASE DATE

2.  Less total preconfinement credit        -    _0_

3.  MAXIMUM ELIGIBLE PAROLE DATE        =    _1-9-2000_

**B.** GOOD TIME CREDIT

1.  Received date or 7-1-77
    whichever is later        =    _1-9-85_

2.  Days in custody of department        =    _5478_

3.  Postsentence        +    _0_

4.  Days in custody on which
    GTC may be earned        =    _5478_

5.  ÷ 3 = GOOD TIME CREDIT        =    _1826_

**C.** MINIMUM ELIGIBLE PAROLE DATE (A-3 minus B-5)        =    _1-9-95_
    COMMENTS:  ✱ _Term starts for life_        +    _141_
                _from a pc ODSR_
                _Losses 1-26-86  61 BC - Restored 11-5-87_        _5-30-95_
                _9-2-86  100 BC - Restored (50) 11-5-87_
                _12-12-87  61 BC -_        _Int: 4/94_
                _6-20-88  30 BC_

Computed by _C Blankenship_   _8-22-89_
                Case Records  _pec._        date

Audited by _____
                Case Records        date

NAME        NUMBER        INSTITUTION        DATE
_Jameson_        _C-88511_        _CSP/VDL_        _8-22-_

COPIED AT STATE EXPENSE

RECALCULATION OF MEPD FOR 15-LIFE AND 25-LIFE PRISONERS
RECEIVED PRIOR TO 5-27-87
PURSUANT TO IN RE MONIGOLD (1988) 205 CAL. APP. 3d 1224
NO DSL TERM OR DSL TERM COMPLETED

A. CREDITS VESTED PER PC2934 (If offense date prior to 1-1-83)
   1. Total days served prior to waiver date (Waiver date
      - received date + postsentence credit)
   2. A1 ÷ 2 (round down)                                          = 501
   3. Less credits lost per PC2932                                 = 250
   4. Credits to be vested                                         = 0
                                                                   = 250

B. MAXIMUM ELIGIBLE PAROLE DATE
   1.    7-2-84    +    17                                         = 7-2-2001
      RECEIVED DATE    TOTAL TERM                                    BASE DATE
   2. Less total preconfinement credit                            - 454
   3. Less A4 OR vest 1/2 postsentence credit                     - 250
   4. MAXIMUM ELIGIBLE PAROLE DATE                                = 7-26-99

C. WORKTIME CREDIT PER PC2933/PC2934
   1. Less NET worktime credit earned from waiver/
      received date through 2-15-89 or end of DSL                 - 1176 V
      term if later
   2. Current MEPD (cannot exceed B4)                             = 5-6-96

D. GOOD TIME CREDIT PER PC2931
   1. Date credit applied through (2-15-89                        = 2-15-89
      or date DSL term ends if later)
   2. Days left to serve                                          = 2637
   3. Divide by 3 (round up)                                      = 879
   4. PC Balance (D3 ÷ 4)                                         = 880 219
   5. BC Balance (D4 x 3)                                         = 660

E. RECALCULATED MEPD (C2 - D3)                                    = 12-9-93
   1. Add credits lost for CDC 115's after D1            + PC        BC
   2. Subtract restorations for credit losses in E1      - PC        BC
   3. New PC/BC Balance                             PC=219 BC=660
   4. Add any 7 or 9 year MEPD CS Life term(s)                    +

F. ADJUSTED MEPD (E + E1 - E2 + E4)                               = 12-9-93

G. INITIAL PAROLE CONSIDERATION HEARING                           = 11/92
   (13 months prior to F)                                           month/year

H. NEXT DOCUMENTATION HEARING      # 2                            = 2/90
                                                                    month/year

Your Minimum Eligible Parole Date has been recalculated pursuant to
In Re Monigold and you have been granted 1176 days worktime credit
from 10.30.85 through 2-15-89/the end of your DSL term (circle one).
Your recalculated/adjusted (circle one) MEPD is 12-9-93. Your initial
life parole consideration hearing will be scheduled during the month
of 11/92/first available calendar (circle one).

V. Raso                              7-14-90
CASE RECORDS STAFF                   DATE

288511          Jameson                    CDT
NUMBER          NAME

## VESTED CREDITS

## PURSUANT TO PC 2934

A  1. Date Signed Waiver      10-30-85

    2. Date Received CDC - on Controlling Term    − 7-2-84

    3. Days Served to Date      = 485

    4. Days Post Sentence Credit      + 16

    5. Total Days Served to Date      = 501

B  1. Credits to be Vested Pursuant to PC 2934 (A 5 ÷ 2) (Reduce fraction to lower whole number)      = 250

C  1. Date Received CDC - on Controlling Term      7-2-84

    2. Term      + 17 yrs

         = 7-2-2001

    3. Pre-Sentence Credits      − 457

         = 4-1-2000

    4. Minus B 1      − 250

    5. Max Date      = 7-26-1999

    6. Credits Lost per PC 2932      + 15

    7. Adjusted Max Date      = 8-10-1999

D  1. Date Signed Waiver

    2. No. of Days Left to Serve Pursuant to PC 2934      =

    3. Divide line 2 by 2 (Reduce Fraction to Lower Whole Number)      =

    4. Earliest Possible Release Date Subtract Line 3 From Line C 7      =

Correctional Case Records Staff

CDC C88511    NAME JAMESON    INSTITUTION FOLSOM

(18)

THESE TERM FIXING FORMS THAT
ARE ENCLOSED ARE ADDED TO SHOW
THAT IT WAS NOT A CLERICAL
ERROR AND THAT OTHERS SIMILARLY
SITUATED FROM DIFFERENT PRISONS
THROUGHOUT CDC ALSO RECEIVED SUCH
DATES, AS IT WAS MANDATED PER THE
LAW AND CDC POLICY AND PROCEDURE

TIME CREDIT WAIVER
(2934PC)

I *James Mac Donald* having been committed for an offense which occured prior to January 1, 1983, understand that conduct credit is granted to me pursuant to Section 2931 of the Penal Code. I am aware that pursuant to Section 2931 of the Penal Code my term shall be reduced by one-third for good behavior and participation.

I hereby waive my rights to the provisions of Section 2931 of the Penal Code. By making the voluntary waiver, I request that future Time Credit be granted pursuant to Section 2933 of the Penal Code.

I am aware and understand that Time Credit will be granted, based upon the work group to which I am assigned as follows:

Work Group A:  For each six months full-time assignment, six months credit, or one day credit for each day assigned for a lesser period.

Work Group B:  For each six months of one-half day assignment or enrollment in a two or four year college program leading to a degree, three months credit, or one day credit for each two days assigned for a lesser period.

Work Group B2:  For each six months on a waiting list, three months credit or one day for each two days on a waiting list for lesser period.

Work Group C:  Zero credit will be earned if I refuse a full time assignment.

Work Group D:  When I am in lockup status due to a disciplinary infraction zero credit will be earned for a period equal to the number of days of any credit loss, which may be extended in six month increments thereafter.

I am also aware that my work group may be changed, by the Department, due to my behavior and/or work performance. This waiver will be effective only when accepted by the Department. I am also aware that this waiver is irrevocable.

This waiver is accepted by the Department and is effective _5-2-85_

Witnessed:
_Wes Daniel Chapo_

Title _Correction Cons_

Date _5-2-85_

Signed: _James Mac Donald_

Number _C-24488_

Date: _5-2-85_

RECEIVED
MAY 08 1985
RECORDS OFFICE
FOLSOM STATE PRISON

CDC619  11/82

(20.)

STATE OF CALIFORNIA                                        DEPARTMENT OF CORRECTIONS

LEGAL STATUS

| CDC NUMBER | ALPHA ID | NAME | TERM STARTS | ETHNIC |
|---|---|---|---|---|
| C-52135 | | BURNHAM, Kenneth W. | 08-19-82 | White |

| MAX. RELEASE DATE | MIN. RELEASE DATE | MIN. ADJ. RELEASE DATE GT CR LOST/AT LARGE/BAIL | PAROLE PERIOD |
|---|---|---|---|
| 01-22-96 | 07-29-91 | | 05 years |

BASE TERM ___15-00___ + ENHANCEMENTS ___00-00___ = TOTAL TERM ___15-00___

GOOD TIME CREDITS AVAILABLE (2931 PC) (PC ___410___ BC ___1228___) = ___1638___

PRE PRISON CREDITS:      CASE NO. ___SJ 32642___

2900.5 PC ___378___
1202.03 PC ___
2900.1 PC ___
CRC ___
Mental Health ___
4019 PC ___189___
2931 PC ___
Post Sentence ___08___

HEARINGS:
RX:  May 1983
DOC: August 1985
INIT: June 1990

TOTAL PRE PRISON CREDITS (DAYS) ___575___

REGISTRATION REQUIRED PER _____

| DATE REC'D | CO. CASE NO. | CT. | CODE & OFFENSE | TYPE WPN. | DATE OF OFFENSE | SENTENCE DATE |
|---|---|---|---|---|---|---|
| CONTROLLING PRINCIPAL AND CONSECUTIVE (INCLUDING ENHANCEMENT) OFFENSE(S): | | | | | | |
| 08-19-82 | SJ 32642 | 01 | P187 MURDER 2nd 15 - Life | Knife | 06-24-81 | 08-10-82 |
| NON-CONTROLLING OFFENSE(S): | | | | | | |
| 08-19-82 | SJ 32642 | 02 | P487.3 GT PERSON | | 06-24-81 | 07-29-82 |

INMATE COPY

DEFENSE ATTORNEY: William Johnson
INVESTIGATING AGENCY: San Joaquin Sheriff's Office



| NAME | BURNHAM | C-52135 | LPU | 10-22-82 | MK:neg | Page 2 |
|---|---|---|---|---|---|---|

CDC 188C (1/81)

(21)

STATE OF CALIFORNIA
CREDIT/TERM COMPUTATION

A. MAXIMUM ELIGIBLE PAROLE DATE (LIFERS)

  1. _____8-19-82_____ + _15 yrs_ = _8-19-97_
     RECEIVED DATE      TOTAL TERM    BASE DATE

  2. Less total preconfinement credit      - _575_

  3. MAXIMUM ELIGIBLE PAROLE DATE          = _1-22-96_

B. GOOD TIME CREDIT

  1. Received date or 7-1-77
     whichever is later          - _8-19-82_

  2. Days in custody of department = _4904_

  3. Postsentence                + _8_

  3.a Minus enhancement          - _0_

  4. Days in custody on which
     GTC may be earned           = _4912_

  5. ÷ 3 = GOOD TIME CREDIT       = _1638_

C. MINIMUM ELIGIBLE PAROLE DATE (A-3 minus B-5)  = _7-29-91_
COMMENTS:

_____

_____

_____

=================================================

Computed by _M.King_              _10-5-82_
             Case Records _spec._   date

                                              INMATE COPY
Audited by _____   _____
           Case Records            date

=================================================



NAME _Burnham, Kenneth W._   NUMBER _C-52135_   INSTITUTION _CPU_   DATE _10-5-82_
CDC 679-L (Rev 12/81)

(27)

## CDC CLASSIFICATION SCORE SHEET

| RACE/ETHNIC STATUS (code one): 1-White 2-Mexican descent 3-Black 4-Indian 5-Chinese | 6-Japanese 7-Filipino 8-Hawaiian 9-Other | DATE LAST RECEIVED CDC: mo day year | COUNTY: | BASE OFFENSE: |
|---|---|---|---|---|
| 1 | | 0 8 / 1 9 / 8 2 | S J O A Q | Murder 2ND (name) |

| BASE OFFENSE CODE: NUMBER: | MINIMUM RELEASE DATE: mo day year | STATUS (code one): 1-New Commitment 2-PV-WNT 3-PV-RTC | RECEPTION CENTER: RCC NRC CRC CCC RCW SQ CIW | |
|---|---|---|---|---|
| P - 1 8 7 . | L I F E | 1 | M C C | |

### CALCULATION OF SCORE

**BACKGROUND FACTORS**

1. **Total DSL Term**
   a) Sentence length ( 15 )
   b) Minus 1 year  = 14 x 4 = 5 6
2. **Stability**
   a) Under 26 yrs. at reception  +2 = 2
   b) Never married/common law or marriage not intact  +2 = 2
   c) Not high school graduate or GED  +2 = 0
   d) Not more than 6 months with one employer  +2 = 0
   e) No military or not honorable discharge  +2 = 0
3. **Prior Escapes**
   a) # walkaways/escapes  0 x 4 = 0 0
   b) # breached perimeter or escape in committing crime  0 x 8 = 0 0
   c) # escapes with force  0 x 16 = 0 0
4. **Holds and Detainers**
   a) # holds where new prison sentence, deportation likely  0 x 8 = 0 0
5. **Prior Sentences Served**
   a) # jail or county juvenile of 31+ days (limit to 3)  0 x 2 = 0 0
   b) # CYA, state level juvenile (limit to 3)  0 x 2 = 0 0
   c) # CDC, CRC, adult state-federal level(limit to 3)  0 x 4 = 0 0

   1) Total Background Factors Score  + 6 0

   Work Skills

   Counselor's signature: BA Hell

**PRIOR INCARCERATION BEHAVIOR**

6. **Unfavorable Prior Behavior**
   a) # serious or major disciplinaries last incarcerated year  0 x 4 = 0 0
   b) Escape in last incarceration  0 x 8 = 0 0
   c) # physical assaults on staff  0 x 8 = 0 0
   d) # physical assaults on inmates  0 x 4 = 0 0
   e) # smuggling/trafficking drugs  0 x 4 = 0 0
   f) # possessing deadly weapons  0 x 4 = 0 0
   g) # inciting disturbance  0 x 4 = 0 0
   h) # cause serious injury/assault  0 x 16 = 0 0

   Total Unfavorable Points  = + 0

7. **Favorable Prior Behavior**
   a) Successfully completed last four months in any minimum custody or successful dorm living last incarceration  -4
      or successful minimum custody last year of incarceration  or  -8  0
   b) No serious or major 115's last year of incarceration  0
   c) Full time work/school/voc. above average program last incarcerated year  -4  0

   Total Favorable Credits  - 0

   ii) Net Incarceration Behavior Score Unfavorable minus Favorable  = + or - 

   TOTAL COMBINED BACKGROUND FACTORS AND PRIOR INCARCERATION SCORE  = 0 6 0

   Supervisor's Signature: J Graham  Date 8-18-82

### CLASSIFICATION STAFF REPRESENTATIVE ACTION

| Institution Approved: | Cat: | CSR Last Name: | P.I. | Exceptional Placement * | Date of Action: mo day year |
|---|---|---|---|---|---|
| S Q - | | K E A R N S | D | | 0 8 3 0 8 2 |

*Explain Exceptional Placement:

**INMATE COPY**

Ex. P. (vertical, right margin)

| CDC NUMBER: (end in Col. 6) | INMATE'S LAST NAME: (start in Col. 7) | INITIALS: | YEAR OF BIRTH: |
|---|---|---|---|
| C 5 1 2 5 | B U R N H A M | K W | 5 7 |

'ATE OF CALIFORNIA
EDIT/TERM COMPUTATION

**MAXIMUM DSL DATE**

1. _____ 81-6-10 _____ + _____ 17 _____ = _____ 98-6-10 _____
         RECEIVED DATE              TOTAL TERM                BASE DATE

2. **Less total preconfinement credit** - _____ 112 _____

3. **MAXIMUM DSL RELEASE DATE** = _____ 2-18-98 _____

**GOOD TIME CREDIT**

1. Received date or 7-1-77
   whichever is later          - _____ 6-10-81 _____

2. Days in custody of department = _____ 6097 _____

3. Postsentence               + _____ 6 _____

4. Days in custody on which
   GTC may be earned          = _____ 6103 _____

5. ÷ 3 = GOOD TIME CREDIT      = _____ 2035 _____

MINIMUM DSL RELEASE DATE (A-3 minus B-5)  = 7-24-92
MMENTS:                                   + 25
         115'S :   12-25-82    WCL 15
                   8-18-82     WCL 10         8-18-92
                   2-27-83     WCL 90
                   6-5-90      WCR 90
                               25

mputed by _____     _____
              Case Records              date

dited by _____     _____
              Case Records              date

ME RICHARD SHEETS NUMBER C 31700   INSTITUTION        DATE

- 879? (Rev 12/81)

Ex. P.

(24)

## A. DSL TERM

1. TERM ST/    DATE
   (Receive Date)                                              12·3·87

2. PLUS DSL TERM                                          1/2        + 3
                                                          P.S.
   EQUALS BASE DATE                                              = 12·3·90

3. MINUS PRECONFINEMENT CREDIT    135 + 66 +15 +7         - 221
   (Preconfinement = Presentence + Postsentence)

4. EQUALS MAX DSL                                              = 4·26·90

5. MINUS VESTED CREDIT                                        =
   (1/2 Postsentence credit)

6. ADJUSTED MAX DSL                                           = 4·26·90

7. MINUS NET CREDIT EARNED                                    - 402
   (Net Credit = Credit Earned - Credit Lost + Credit Restored)
   (If credit loss is greater than credit earned use negative credit worksheet)

8. CURRENT RELEASE DATE ON DSL TERM                          = 3-20-89

9. MINUS DATE CREDIT APPLIED THROUGH                         - 2·28·89

10. DAYS LEFT TO SERVE                                       = 20

11. DIVIDE DAYS TO SERVE BY CURRENT WORK GROUP              = 10
    (A1/2,A2/3,B3,D1/2,U3. Round down)

12. CURRENT RELEASE DATE  ON DSL TERM (A-8)                  3·20·89

13. MINUS (A-11)                                            - 10

14. PROJECTED EARLIEST DATE DSL TERM COULD END AND
    15/25-LIFE OR 7/9-LIFE TERM BEGINS                      = 3-10-89

## B. CALCULATION FOR LIFE SENTENCE WITH 7/9 OR 15/25 YEAR MEPD

1. LIFE TERM START DATE (A-14)                              3-10-89

2. PLUS LIFE TERM (15/25 OR 7/9 YRS)                        + 15

3. PROJECTED MAX ELIGIBLE PAROLE DATE                       = 3-10-2004
   (STOP HERE FOR 7/8 YEARS TO LIFE CALCULATION)

4. MINUS LIFE TERM START DATE (A-14)                        - 3-10-89

5. DAYS IN CUSTODY ON WHICH GTC MAY BE EARNED               = 5479

6. DIVIDE B-5 BY 3 EQUALS GOOD TIME CREDIT(round up)        = 1827

7. PROJECTED MAX ELIGIBLE PAROLE DATE (B-3)                  3-10-2004

8. MINUS GOOD TIME CREDITS (B-6)                            - 1827

9. EQUALS MINIMUM ELIGIBLE PAROLE DATE (MEPD)               = 3-10-99

## C. PC/BC CALCULATION    (PC/BC Calculation applicable only for 15/25Yrs)

1. B-6 DIVIDED BY 4      = PC 457      DOC:

2. C-1 MULTIPLIED BY 3   = BC 1370     INITIAL: 2/98

D71983      Gonzales, E      Mesa          4/14/95        Smalley
CDC NUMBER      NAME       INSTITUTION      DATE          CCR SPECIALIST

2/8/93

Total Term: 15 Yrs. to Life plus 3 years.

You were received 12-3-87 with a term of (DSL only) 3 years. The term added to the received date is 12-3-90. From this date, presentence credits of 199 days granted by the court and postsentence credits of 15 days administratively granted are deducted. Your Maximum Release Date is 5-3-90.

One-half (½) of the post sentence credits of 15 days (7) is deducted from your Maximum Release Date (5-3-90) to arrive at your Maximum Adjusted Release Date of 4-26-90.

You have earned 402 credits from your Waiver date of 12-3-87 through 2-28-89. You have lost 0 days through disciplinaries. You have been restored 0 days credit by the Classification Committee. The net total credit to be applied to your Maximum Adjusted Release Date is 402.

Attached is a calculation form showing that your Maximum Adjusted Release Date less your net credit leaves a current Release Date of 3-20-89. From this point we are projecting your Earliest Possible Release Date. All credit has been applied through 2-28-89. From 2-28-89 to your current Release Date of 3-20-89, there are 20 days. You are earning credit based on work group A1. (One day earned for one day worked.) Therefore, you will have to serve ½ of these days prior to being released. One-half (½) of these days is 20. Ten days subtracted from your Current Release Date of 3-20-89 leaves an Earliest Possible Release Date of 3-10-89. Life term began 3-10-89.

To calculate life term calculation:

To your earliest possible release date 3-10-89 add the 15 years of the life term to reach your base date. Subtract total preconfinement credit (0) to obtain maximum eligible parole date 3-10-2004.

Good time credit is calculated by taking your Life Term start date 3-10-89, subtracting from the minimum eligible parole date 3-10-2004, to get days in custody of department 5479, minus post sentence credit 0, this is the days in custody on which go time credit may be earned 5479. Divide these days by 3 gives you your good time credit 1827. Take you maximum eligible parole date 3-10-2004, minus the good time credit 1827, will give your the minimum eligible parole date, 3-10-99.

See attached computation worksheets.

*J. Okamoto*    10-3-91

JOANNE OKAMOTO
Correctional Case Record Specialist

*Gonzales Edward D 71983*

COPIED AT STATE EXPENSE

(26)

STATE OF CALIFORNIA
CREDIT/TERM COMPUTATION

A. MAXIMUM ELIGIBLE PAROLE DATE (LIFERS)

    1. _7-5-90_ + _17 years_ = _7-5-2007_
          RECEIVED DATE      TOTAL TERM     BASE DATE

    2. Less total preconfinement credit    − _1630_

    3. MAXIMUM ELIGIBLE PAROLE DATE    = _2-21-2004_

B. GOOD TIME CREDIT

    1. Received date or 7-1-77
       whichever is later    − _7-5-90_

    2. Days in custody of department = _4979_

    3. Postsentence    + _9_

    4. Days in custody on which
       GTC may be earned    = _4988_

    5. ÷ 3 = GOOD TIME CREDIT    = _not to Ks_

C. MINIMUM ELIGIBLE PAROLE DATE (A-3 minus B-5)    = _8-3-99_

COMMENTS:

_FC 416_      _BC 1247_

Computed by _K Rebello_    _4-30-92_    initial 7/98
          Case Records _SRC_    date    DSC    7/93

Audited by _____
          Case Records    date

NAME _SEPULVEDA_    NUMBER _E61053_    INSTITUTION _CCC_

CDC 679aL  (Rev 2/83)

(27)

STATE OF CALIFORNIA
CREDIT/TERM COMPUTATION

A. MAXIMUM ELIGIBLE PAROLE DATE (LIFERS)

1. _____11-23-94_____ + _____15_____ = _____11-23-2009_____
         RECEIVED DATE            TOTAL TERM              BASE DATE

2. Less total preconfinement credit          -      701

3. MAXIMUM ELIGIBLE PAROLE DATE              =   12-23-2007

B. GOOD TIME CREDIT

1. Received date or 7-1-77
   whichever is later          -      11-23-94

2. Days in custody of department  =      4778

3. Postsentence               +      14

4. Days in custody on which
   GTC may be earned           =      4792

5. ÷ 3 = GOOD TIME CREDIT                    =      1598

C. MINIMUM ELIGIBLE PAROLE DATE (A-3 minus B-5)   =   8-8-2003
COMMENTS:                                            + 90
          PC 400  BC 1198                          11-6-2003
               - 90                                 + 120
               1108                                 8.6.2004
               -120
               988

=========================================
                                     12-8-95
Computed by  P. Matteus_____  7-6-95
            Case Records Specialist   date

Audited by _____  _____
            Case Records              date
=========================================

NAME                NUMBER          INSTITUTION       DATE  12-8-95
  Wilson, Timothy    J-41686          PBSP              7-6-95
CDC 679aL (Rev 12/81)

(28)

CREDIT/TERM COMPUTATION

A. MAXIMUM ELIGIBLE PAROLE DATE (LIFERS) 15yrs

1. ____11-23-94____ + ____20 yrs.____ = ____11-23-2009 2014____
   RECEIVED DATE         TOTAL TERM              BASE DATE

2. Less total preconfinement credit          - ____701____

3. MAXIMUM ELIGIBLE PAROLE DATE             = ____12-22-2013____
                                               12-23-2007

B. GOOD TIME CREDIT

1. Received date or 7-1-77
   whichever is later                    - ____11-23-94____

2. Days in custody of department         = ____6644 4778____

3. Postsentence                          + ____14____

4. Days in custody on which
   GTC may be earned                     = ____6658 4792____

5. ÷ 3 = GOOD TIME CREDIT                = ____2206 1598____
   (Round up)

MINIMUM ELIGIBLE PAROLE DATE (A-3 minus B-5)    12-8-2006
                                                8-8-2009   2-15-95

COMMENTS:

Doc#1    11/97

Unit    7/2002

===============================================

Computed by  P. Dladny                1-5-95
            Case Records               date

Audited by  _____          _____
            Case Records               date

===============================================

NAME                NUMBER        INSTITUTION    DATE
Wilson Thindley    Q41686         DVRC           1-5-95

STATE OF CALIFORNIA
CREDIT/TERM COMPUTATION

## MAXIMUM ELIGIBLE PAROLE DATE     (LIFERS)

1.  _____11-23-94_____  +  _____15_____  =  _11-23-2009_
         RECEIVED DATE          TOTAL TERM         BASE DATE

                                    701 + 7

2.  Less total preconfinement credit (Plus 1/2        –         708
    Post-sentence Credits)

3.  MAXIMUM ELIGIBLE PAROLE DATE              =    12-16-2007

## GOOD TIME CREDIT

1.  Received date or 7-1-77            –   11-23-94
    whichever is later

2.  Days in custody of department      =   4771

3.  Days in Custody on which           =   1591
    GTC may be earned

4.  _____ ÷ 3 = GOOD TIME CREDIT
         (ROUND UP)                                   =    1591

MINIMUM ELIGIBLE PAROLE DATE (A-3 MINUS B-4)          =    8-8-2003
                                                          + 120
        PC : 398    BC : 1193                         12-6-2003
                    - 120
                    1073

============================================              =
                                                          =
Computed by   P. N cetleton                  9-26-96     =
              Case Records Specialist          Date       =
                                                          =
============================================              =

| NAME | NUMBER | INSTITUTION | DATE |
|------|--------|-------------|------|
| Wilson, Timothy | J-41686 | PBSP | 9-26-96 |

(34)

RECALCULATION OF MEPD FOR 15-LIFE AND 25-LIFE PRISONERS
RECEIVED PRIOR TO 5-27-87
PURSUANT TO IN RE MONIGOLD (1988) 205 CAL. APP. 3d 1224
NO DSL TERM OR DSL TERM COMPLETED

Waiver 5-2-85

A. CREDITS VESTED PER PC2934 (If offense date prior to 1-1-83)
    1. Total days served prior to waiver date (Waiver date
       - received date + postsentenced credit)                  = 1596
    2. A1 + 2 (round down)                                       - 298
    3. Less credits lost per PC2932                              - 15
    4. Credits to be vested                                      - 783

====================================================================

B. MAXIMUM ELIGIBLE PAROLE DATE
    1. 80-12-22   +   19-0-0                                     = 99-12-22
       RECEIVED DATE      TOTAL TERM                               BASE DATE
    2. Less total preconfinement credit                          - 242    4-22-99
    3. Less A4 OR vest 1/2 postsentence credit                   - 783
    4. MAXIMUM ELIGIBLE PAROLE DATE                              = 98-3-3

C. WORKTIME CREDIT PER PC2933/PC2934
    1. Less NET worktime credit earned from waiver/
       received date through 2-15-89 or end of DSL
       term if later                                             - 894
    2. Current MEPD (cannot exceed B4)                           = 92-9-20

D. GOOD TIME CREDIT PER PC2931
    1. Date credit applied through (2-15-89
       or date DSL term ends if later)        - 89-2-15
    2. Days left to serve                     = 1313
    3. Divide by 3 (round up)                                    = 438
    4. PC Balance (D3 ÷ 4)                    = 109
    5. BC Balance (D4 x 3)                    = 329

====================================================================

E. RECALCULATED MEPD (C2 - D3)                                   = 91-7-10
    1. Add credits lost for CDC 115's after D1      + PC____ BC 90
    2. Subtract restorations for credit losses in E1 - PC____ BC____
    3. New PC/BC Balance                        PC=____ BC=____
    4. Add any 7 or 9 year MEPD CS Life term(s)                  +

F. ADJUSTED MEPD (E + E1 - E2 + E4)                              = 10-8-91
                                                                   91-7-10

====================================================================

G. INITIAL PAROLE CONSIDERATION HEARING                          = 6/90    9/90
   (13 months prior to F)                                          MONTH/YEAR

H. NEXT DOCUMENTATION HEARING    #_____                       =
                                                                   MONTH/YEAR

====================================================================
   Your Minimum Eligible Parole Date has been recalculated pursuant to
   In Re Monigold and you have been granted 894 days worktime credit
   from 5-2-85 through 2-15-89/the end of your DSL term (circle one).
   Your recalculated/adjusted (circle one) MEPD is 7-10-91 10-8-91. Your initial
   life parole consideration hearing will be scheduled during the month
   of 6/90 /first available calendar (circle one).
                                                       9/90

   Verna Ruth Young, CCRS             8-25-89
   CASE RECORDS STAFF                 DATE

   C24488              MacDonald                   CSP-C
   NUMBER              NAME

**MEPD CALCULATI  FOR LIFERS WITH CONSECUT:  DSL TERMS RECEIVED AFT**
**2-15-1989 OR NOT AFFECTED BY IN RE MONIGOLD**  ~~DRAFT~~

**A. DSL TERM**

1. TERM START DATE          *Rec DPDS*          = 5-19-94
   (Receive Date)          *not written as:*
2. PLUS DSL TERM          *as of 9-16-94*          + 3

   EQUALS BASE DATE          *note DSL*          = 5-19-97
3. MINUS PRECONFINEMENT CREDIT   *Term should*          − 784
   (Preconfinement = Presentence + Postsentence)  *be update if it*
4. EQUALS MAX DSL          *we update if it*          = 3-27-95
                                          *started towards*
5. MINUS VESTED CREDIT          *presents to 12-11-94*          − 3
   (1/2 Postsentence credit)
6. ADJUSTED MAX DSL          = 3-24-95

7. MINUS NET CREDIT EARNED          − 0
   (Net Credit = Credit Earned - Credit Loss + Credit Restored)
   (If credit loss is greater than credit earned use negative credit worksheet)
8. CURRENT RELEASE DATE ON DSL TERM          =

9. MINUS DATE CREDIT APPLIED THROUGH          − 5-19-94

10. DAYS LEFT TO SERVE          = 309

11. DIVIDE DAYS TO SERVE BY CURRENT WORK GROUP          = 103
    (A1:2,A2:3,B:3,D1:3,U:3, Round down)
12. CURRENT RELEASE DATE  ON DSL TERM (A-8)          3-24-95

13. MINUS (A-11)          − 103

14. PROJECTED EARLIEST DATE DSL TERM COULD END AND
    15/25-LIFE OR 7/9-LIFE TERM BEGINS          = 12-11-94

**B. CALCULATION FOR LIFE SENTENCE WITH 7/9 OR 15/25 YEAR MEPD**

1. LIFE TERM START DATE (A-14)          12-11-94

2. PLUS LIFE TERM (15/25 OR 7/9 YRS)          + 15

3. PROJECTED MAX ELIGIBLE PAROLE DATE          = 12-11-200?
   (STOP HERE FOR 7/9 YEARS TO LIFE CALCULATION)
4. MINUS LIFE TERM START DATE (A-14)          − 12-11-94

5. DAYS IN CUSTODY ON WHICH GTC MAY BE EARNED          = 5479

6. DIVIDE B-5 BY 3 EQUALS GOOD TIME CREDIT(round up)          − 1827

7. PROJECTED MAX ELIGIBLE PAROLE DATE (B-3)          12-11-2009

8. MINUS GOOD TIME CREDITS (B-6)          − 1827

9. EQUALS MINIMUM ELIGIBLE PAROLE DATE (MEPD)          = 12-10-200?

**C. PC/BC CALCULATION**  (PC/BC Calculation applicable only for 15/25Yrs)
1. B-6 DIVIDED BY 4          =PC_____     DOC: _____

2. C-1 MULTIPLIED BY 3          =BC_____     INITIAL: _____

| CDC NUMBER | NAME | INSTITUTION | DATE | COR SPECIALIST |
|---|---|---|---|---|
| 219550 | *Jackson* | CMF | 9-17-94 | |

(3a)

STATE OF CALIFORNIA                                                              DEPARTMENT OF CORRECTI
CREDIT / TERM COMPUTATI   - LIFERS
CDC 679-AL (5/91)

A.    MAXIMUM ELIGIBLE PAROLE DATE (LIFERS)

1. $5-19-94$  +  $18\ years$  =  $5-19-20$
   RECEIVED DATE         TOTAL TERM         BASE DATE

2. Less total preconfinement credit                              -  $784$

3. MAXIMUM ELIGIBLE PAROLE DATE                             =  $3-27-2$

B.    GOOD TIME CREDIT

1. Received date or 7-1-77 whichever is later  -  $5-19-94$

2. Days in custody of department                =  $5791$

3. Postsentence                                  +  $6$

4. Days in custody on which GTC may           =  $5797$
   be earned

5. Divided by 3 = GOOD TIME CREDIT             =  $1932$

C.    MINIMUM ELIGIBLE PAROLE DATE (A-3 MINUS B-5)   =  $12-11-2$

COMMENTS:

_____

_____

_____

_____

_____

| Computed by_____ | |
|---|---|
| Case Records_____ | Date |
| Audited by K Moser | 5/31/94 |
| Case Records Spec | Date |

| CDC NUMBER | INMATE'S NAME | INSTITUTION | DATE |
|---|---|---|---|
| J19550 | Jackson | | 5/31 |

(35)

STATE OF CALIFORNIA
CREDIT/TERM COMPUTATION

A. MAXIMUM ELIGIBLE PAROLE DATE (LIFERS)

   1.   _12-22-80_     + _17-0-0_    = _12-22-97_
         RECEIVED DATE       TOTAL TERM     BASE DATE

   2.   Less total preconfinement credit      – _242_

   3.   MAXIMUM ELIGIBLE PAROLE DATE     = _4-24-97_

B. GOOD TIME CREDIT

   1.   Received date or 7-1-77
         whichever is later      – _12-22-80_

   2.   Days in custody of department = _5967_

   3.   Postsentence      + _4_

   4.   Days in custody on which
         GTC may be earned      = _5971_

   5.   ÷ 3 = GOOD TIME CREDIT      = _1991_

C. MINIMUM ELIGIBLE PAROLE DATE (A-3 minus B-5)    = _11-11-91_

COMMENTS:     Adjusted by credit loss + 65

       _498 PC_      _1493 BC_

                   _-65_

                   _1428_      _11-26-91_

Computed by _C. Gray_      _12-14-88_
         Case Records   _Spec_      date

Audited by _____
         Case Records      date

NAME _C24488_     NUMBER _Mac Donald_ . INSTITUTION      DATE

(34)

VESTED CREDITS

PURSUANT TO PC 2934



A 1. Date Signed Waiver _____ 85-5-2 ✓

2. Date Received CDC-on controlling term ___ − 80-12-22

3. Days served to Date ___ = 1592

4. Days Post Sentence Credit ___ + -4

5. Total Days Served to Date ___ = 1596

B 1. Credits to be Vested Pursuant to PC 2934 (A 5 ÷ 2) (Reduce fraction to lower whole number) ___ = 798   Next 783 ✓

C 1. Date Received CDC-on controlling term ___ 80-12-22

2. Term ___ + 17-0-0

___ = 97-12-22

3. Pre-Sentence Credits ___ − 242

___ = 97-4-24

4. Minus B 1 ___ − 798

5. Max Date ___ = 95-2-16

6. Credits Lost Per PC 2932   15 BC 12-8-81 ___ + 15

7. Adjusted Max Date ___ = 95-3-3

D 1. Date Signed Waiver ___ − 85-5-2

2. No. of Days Left to Serve Pursuant to PC 2933 ___ = 3592

3. Divide Line 2 by 2 (Reduce fraction to lower whole number) ___ = 1796

4. Earliest Possible Release Date   MEPD ___ = 90-4-2
   Subtract Line 3 from Line C7

E 1. Parole Referral Date 9 months prior to D4 ___ =

_Chris Johnson, Spec._____   _5-11-85_____
Correctional/Case Records Staff, Title      Date

DC  _C-24488_____      NAME _Mac Donald_____      INSTITUTION _Fol_

CREDIT/TERM COMPUTATION

**A.** MAXIMUM DSL DATE (*Term Starts:* 82-4-57)

   **1.** 80-12-22    + *15 yrs CS to 2 yrs*        97-4-24
      RECEIVED DATE       TOTAL TERM       BASE DATE

   **2.** Less actual time served in custody    * - None
      (PC 2900.5, 2900.1)

   **3.** Adjusted Maximum ~~DSL~~ Date        = 97-4-24

   **4.** Good time credit previously granted by   * - None
      court or by CDC on 2900.1 time.

   **5.** ~~MAXIMUM DSL RELEASE DATE~~ *MEPD*     = 97-4-24

**B.** GOOD TIME CREDIT

   **1.** Maximum DSL (A5)             97-4-24

   **2.** Received date or 7-1-77 whichever
      is later                     - 82-4-24

   **3.** Days in Custody of Department      = 5479

   **4.** Postsentence                * + None

   **5.** Days in custody on which good time credit
      may be earned               = 5479

   **6.** ÷ 3 = GOOD TIME CREDIT       = 1827
       *eligible*

**C.** MINIMUM ~~DSL~~ RELEASE DATE *w/ benefit of credit*

   **1.** Maximum DSL Date (A5)        97-4-24

   **2.** Good Time Credit (B5)        - 1827

   **3.** ~~MINIMUM DSL RELEASE DATE~~
      *MEPD w/ benefit of credit*       = 92-4-23

---

CREDITS SUBJECT TO LOSS IN PRISON      PRESENTENCE CREDITS

**1.** Good time Credit (B5) _1827_      **1.** PC 2900.5 (Inc * 163
                                     Postsentence

**2.** ÷ 4 = Participation           **2.** Conduct Credit
     credit    = 451             previously granted
                                by court   * 19

**3.** × 3 = Behavior               **3.** PC 2900.1
     credit    = 1370            actual       0

Computed by *BQ Hughes*    12-23-80      **4.** PC 2900.1
      Case Records *Super*   date          (PC 2931)     0

Audited by *KC Mendonsa*   4-23-81
      Case Records *Super*   date

*credits applied to 2 year/ endorsement*

NAME *Mr. _____*    CDC NUMBER C-21100    INSTITUTION    DATE

(58)

```
                    IWTIP TIME COLLECTION SYSTEM        V1.2   08/26/89 10:55:16.7
                       TIME CARD CHANGE PROCESS
*****************************************************************************************
CDC NO===> C24488
NAME=====> MAC DONALD,JAMES,EDWARD              APPLIED CREDITS===>           0
J/P GRP==> D1                                   WCR ADJ============>         0.0
EFF-DATE=> 12-16-1986    WVR-DATE=>    _  _     UNAPPLIED CREDITS=>          0.0
                                                ETO CREDITS=======>          192
*****************************************************************************************
      TRNS  W-P
SEQ # TYPE  GRP  DATE FROM      DATE THRU      DAYS DAYS   ETO   ETO   EDD
                 ---------      ---------      WRKD  CR   USED  EARND  HOURS
      ----  ---  ---------      ----------     ----  ----  ----  -----  ------
            A1   5-2-85         5-31- 85        30
  61  A     A1   06-01-1985     06-30-1985      30   0.0    0     0      0
  64  A     A1   07-01-1985     07-31-1985      31   0.0    0     0      0
  67  A     A1   08-01-1985     08-31-1985      31   0.0    0     0      0
  70  A     A1   09-01-1985     09-30-1985      30   0.0    0     0      0
  73  A     A1   10-01-1985     10-11-1985      11   0.0    0     0      0
  79  A     D1   10-12-1985     10-31-1985      20 10  0.0    0     0      0
FUNCTION: _                                    182 192
SEQ#: ____  __  __ / __ / ____   __ / __ / ____  ___      ___  ___  ____

    PAGE BACK==> PF1    SELECT==> PF10   MENU==> PF11   END SESSION==> PF12
```

894.5 earned from 5-2-85 to 2-15-89.

(36)

STATE OF CALIFORNIA
CREDIT/TERM COMPUTATION

MAXIMUM ELIGIBLE PAROLE DATE (LIFERS)

1.  ___8-19-82___  +  ___15 yrs___  =  ___8-19-97___
       RECEIVED DATE        TOTAL TERM         BASE DATE

2.  Less total preconfinement credit      -   _575_

3.  MAXIMUM ELIGIBLE PAROLE DATE          =   _1-22-96_

GOOD TIME CREDIT

1.  Received date or 7-1-77
    whichever is later            -  _8-19-82_

2.  Days in custody of department  =  _4904_

3.  Postsentence                   +   _8_

3.a Minus enhancement              -   _0_

4.  Days in custody on which
    GTC may be earned              =  _4912_

5.  ÷ 3 = GOOD TIME CREDIT         =        _1638_

MINIMUM ELIGIBLE PAROLE DATE (A-3 minus B-5)  =  _7-29-91_

COMMENTS:

_____

_____

_____

_____

================================================

Computed by _M.King_        _10-5-82_
           Case Records  Spec.   date

Audited by _____   _____
           Case Records         date

================================================

**INMATE COPY**

Ex. P. ▆

NAME _Burnham, Kenneth W._  NUMBER _C-52135_   INSTITUTION _CMC_   DATE _10-5-82_

C 679aL (Rev 12/81)

Ɛ OF CALIFORNIA
IT/TERM COMPUTATION

MAXIMUM DSL DATE

1. ___81-6-10___ + ___17___ = ___98-6-10___
   RECEIVED DATE      TOTAL TERM      BASE DATE

2. Less total preconfinement credit          - ___112___

3. MAXIMUM DSL RELEASE DATE                  = ___2-18-98___

GOOD TIME CREDIT

1. Received date or 7-1-77
   whichever is later          - ___6-10-81___

2. Days in custody of department = ___6097___

3. Postsentence               + ___6___

4. Days in custody on which
   GTC may be earned          = ___6103___

5. ÷ 3 = GOOD TIME CREDIT                    = ___2035___

MINIMUM DSL RELEASE DATE (A-3 minus B-5)     = ___7-24-92___
ENTS:                                        + ___25___
   115'S :  12-25-82  WCL 15
           8-18-82  WCL 10          8-18-92
           2-27-83  WCL 90
           6-5-90   WCR 90
                      25

uted by _____        _____
        Case Records              date

ted by _____         _____
       Case Records               date

NUMBER          INSTITUTION       DATE

Ex. P.

STATE OF CALIFORNIA
CREDIT/TERM COMPUTATION

A.  MAXIMUM ELIGIBLE PAROLE DATE (LIFERS)

    1.  _07-11-86_ + _15-00_ = _07-11-2001_
          RECEIVED DATE      TOTAL TERM      BASE DATE

    2.  Less total preconfinement credit   –  _288_

    3.  MAXIMUM ELIGIBLE PAROLE DATE   =  _09-26-2000_

                                     vest  1 – 1

B.  GOOD TIME CREDIT

                                      9-25-2000

    1.  Received date or 7-1-77
        whichever is later     –  _07-11-86_

    2.  Days in custody of department = _5191_

    3.  Postsentence             +  _02_

    4.  Days in custody on which
        GTC may be earned     =  _5193_

    5.  ÷ 3 = GOOD TIME CREDIT   =  _1731_

C.  MINIMUM ELIGIBLE PAROLE DATE (A-3 minus B-5)   =  _12-31-95_
COMMENTS:

_____

_____

_____

_____

Computed by _Dorothy Vaughn_  _9-4-86_
          Case Records _Spec_  date

Audited by _____  _9-5-86_
        Case Records _Super._  date

NAME            NUMBER        INSTITUTION    DATE
_Jochasar_        D-34046        LPU       9-4-86
CDC 679aL  (Rev 2/83)             Ex..P.

STATE OF CALIFORNIA
**CREDIT / TERM COMPUTATION - LIFERS**         DEPARTMENT OF CORRECTIONS
CDC 679-AL (5/91)

A.    MAXIMUM ELIGIBLE PAROLE DATE (LIFERS)

    1. __4/5/84__   +   __32 yrs__     =   __4/5/2016__
        RECEIVED DATE        TOTAL TERM        BASE DATE

    2. Less total preconfinement credit   _1031_    -   __1031__

    3. MAXIMUM ELIGIBLE PAROLE DATE    =   __10/9/2013__

B.    GOOD TIME CREDIT

    1. Received date or 7-1-77 whichever is later   - __4/5/84__

    2. Days in custody of department    = __10657__

    3. Postsentence    + __15__

    4. Days in custody on which GTC may
       be earned    = __10,672__

    5. Divided by 3 = GOOD TIME CREDIT    = __3558__

C.    MINIMUM ELIGIBLE PAROLE DATE (A-3 MINUS B-5)    = __9/12/2003__

COMMENTS:    PC: 890                WCE + 390
                                               10/6/2004
        3C: 2668                WCR- 90
                                               7/8/2004

      DOC# 4   11/98
      Initial   10/2003

Computed by __S. Roberts__    __12/9/97__
                                 Date
         Case Records __SRC__

   Audited by_____
                                  Date
         Case Records_____

| CDC NUMBER | INMATE'S NAME | INSTITUTION | DATE |
|---|---|---|---|
| C83699 | Cobb | CCI-4B | 12/9/97 |

(43)

STATE OF CALIFORNIA
CREDIT/TERM COMPUTATION

A.  MAXIMUM ELIGIBLE PAROLE DATE (LIFERS)

1.  _04-05-84_  +  _32_  =  _04-05-2016_
    RECEIVED DATE      TOTAL TERM      BASE DATE

2.  Less total preconfinement credit        -  _1031_

3.  MAXIMUM ELIGIBLE PAROLE DATE        =  _06-09-2013_

B.  GOOD TIME CREDIT

1.  Received date or 7-1-77
    whichever is later        -  _04-05-84_

2.  Days in custody of department        =  _10657_

3.  Postsentence        +  _15_

4.  Days in custody on which
    GTC may be earned        =  _10672_

5.  ÷ 3 = GOOD TIME CREDIT   PSS = 890        =  _3558_
                             ECS = 2668

C.  MINIMUM ELIGIBLE PAROLE DATE (A-3 minus B-5)        =  _09-12-2003_

COMMENTS: BCR'S        BCC'S        6-16-86    +30
                                                        10-12-2003
              6-16-86   30'
    45.       7-24-86  180'        7-24-86   +180
                                                        4-9-2004
    45.       3-1-87   180'        3-1-87    +180
    90✓                390✓                             10-6-2004
                                              BCR'S    -90
                          INITIAL: 6-2003            7-8-2004

=================================================
Computed by  R. Darden            6/20/84
             Case Records  Spec      date

Audited by   M. Cuyfer            7-1-84
             Case Records  Dup        date
=================================================

NAME                NUMBER              INSTITUTION      DATE
COBB                C-83699             LPU              6/20/84
CDC 679aL  (Rev 2/83)

Inmate did not sign waiver.
Therefore DSL & Life terms calc together        6-10-95

(44)

CALIFORNIA DEPARTMENT OF CORRECTIONS
CALIFORNIA CORRECTIONAL INSTITUTION
TEHACHAPI, CALIFORNIA

DSL COMP

A.   MAXIMUM DSL DATE:

   1.  ___1984-04-05___  +  ___7 ur DSL__ = _1991-04-05_
       Received Date          Total Term        Base Term

   2.  Less Total Preconfinement Credits    - ___1031__

   3.  Maximum DSL Release Date            = _1988-06-08_

B.   GOOD TIME CREDITS:

   1.  Received date or 7-1-77         - _1984-04-05_
      which ever is later
   2.  Days in custody of department    = ___1525___
   3.  Post Sentence Credits            + ___15___
   4.  Days in custody in which         = __1540__
      Good Time Credits may be earned
   5.  ÷ 3 = Good Time Credit           = ___514___

C.   MINIMUM DSL RELEASE DATE (A-3 minus B-5)  = _1987-01-11_
    *No DSL completed*
    *DS-L commenced*

COMMENTS: _Inmate did not sign waiver_

_____

_____

_____

_____

COMPUTED BY: _____ CRS       __7-1-82__
       Case Records Staff              Date

AUDITED BY: _____          _____
       Case Records Staff              Date

****************************************************

INMATE
NAME: _Cobb_          NUMBER: _C-83699_     INST. _CCI 4/B_

(45)

**MINIMUM DSL TERM CALCULATION FOR PENAL CODE SECTION 667 (E)
OFFENDERS - OFFENSE COMMITTED ON OR AFTER MARCH 7, 1994**

**A.    MAXIMUM DSL DATE**

1. _12-1-95_    +    _7 yrs_    =    _12-1-2002_
   RECEIVED DATE         TOTAL TERM              BASE DATE

2. LESS PRE/POST CREDIT/ 1/2 POST        -    _624_
      A00           200       16 / 8
3. MAXIMUM DSL                           =    _3-17-2001_

**B.    MAXIMUM GOOD TIME CREDITS ALLOWED**

1. MAXIMUM DSL (A3)                          _3-17-2001_

2. RECEIVED DATE                        -    _12-1-95_

3. DAYS IN CUSTODY OF DEPARTMENT         =    _1933_

4. DIVIDE BY FIVE - GOOD TIME CREDITS    -    _386.4_
   (Round Down To Whole Number)

**C.    MINIMUM DSL**

1. MAXIMUM DSL (A3)                          _3-17-2001_

2. GOOD TIME CREDITS (B4)                -    _386.6_

3. MINIMUM DSL                               _2-25-2000_

Noussias, Nicholas   D46818   RJDCF    C. Ceross, CCRS   1-22-98

Reviewed Cal. 10/13/99

D. Sanchez, CA



**RECALCULATION FOR MEPD**
PURSUANT TO IN RE MONIGOLD (1988) 205 CAL. APP. 3d 1224
NO DSL TERM OR DSL TERM COMPLETED

A. CREDITS VESTED PER PC2934 (If offense date prior to 1-1-83)
   1. Total days served prior to waiver date (Waiver date
      - received date + postsentence credit)          = _____
   2. A1 ÷ 2 (round down)                              = _____
   3. Less credits lost per PC2932                     = _____
   4. Credits to be vested                             = _____

B. MAXIMUM ELIGIBLE PAROLE DATE
   1. __7-11-86__ + __15 mo__                          = 7-11-2001
      RECEIVED DATE    TOTAL TERM                         BASE DATE
   2. Less total preconfinement credit                 = 288
   3. Less A4 OR vest 1/2 postsentence credit          = 91
   4. MAXIMUM ELIGIBLE PAROLE DATE                     = 9-25-2000

C. WORKTIME CREDIT PER PC2933/PC2934
   1. Less NET worktime credit earned from waiver/
      received date through 2-15-89 or end of DSL
      term if later                                    = 852
   2. Current MEPD (cannot exceed B4)                  = 5-27-98

D. GOOD TIME CREDIT PER PC2931
   1. Date credit applied through (2-15-89             = 2-15-89
      or date DSL term ends if later)
   2. Days left to serve                               = 3388
   3. Divide by 3 (round up)                           = 1129
   4. PC Balance (D3 ÷ 4)                              = 282
   5. BC Balance (D4 x 3)                              = 847

E. RECALCULATED MEPD (C2 - D3)                         = 4-24-95
   1. Add credits lost for CDC 115's after D1          + PC ___ BC (00)
   2. Subtract restorations for credit losses in E1    - PC ___ BC ___
   3. New PC/BC Balance                     PC=282 BC=787
   4. Add any 7 or 9 year MEPD CS Life term(s)         + _____

F. ADJUSTED MEPD (E + E1 - E2 + E4)                    = 6-23-95

G. INITIAL PAROLE CONSIDERATION HEARING                = 5/94
   (13 months prior to F)                                month/year

H. NEXT DOCUMENTATION HEARING  # 2                     = 7/92
                                                          month/year

Your Minimum Eligible Parole Date has been recalculated pursuant to
In Re Monigold and you have been granted _852_ days worktime credit
from _7-11-86_ through 2-15-89/the end of your DSL term (circle one).
Your recalculated/adjusted (circle one) MEPD is _6-23-95_ Your initial
life parole consideration hearing will be scheduled during the month
of _5/94_/first available calendar (circle one).

_Mena Orozco_                    _3/31/92_
CASE RECORDS STAFF                DATE

_D34046_        _Dochasar Michael_            _RJD_
NUMBER            NAME                        INSTITUTION
5/89                              FORM A - SIDE 1
                                      Ex. P.

CALCULATION WORKSHEET
OBIS CREDIT CODES 33, 34, OR 36
CDC 1897O (04/00)

Case 4:07-cv-03360-SBA   Document 9   Filed 7/12/2007   Page 67 of 79

## CALCULATION WORKSHEET FOR INDETERMINATE PC SECTION 667(e) AND PC SECTION 2933.1

This form is used to calculate the Minimum Eligible Parole Date (MEPD) for inmates sentenced to an indeterminate (ISL) term; a.) as a second-strike offender (double minimum term per PC Section 667(e)), enter into OBIS as Credit Code 33; b.) violent offenders sentenced to indeterminate terms whose offense date is on or after September 21, 1994, enter in OBIS as Credit Code 34 or 36 if violent second-strike offender. (Note: Inmates convicted of murder committed on/after June 3, 1998 are ineligible for credit per PC 2933.2); c.) habitual offenders sentenced per PC Section 667.61 or PC Section 667.71, enter into OBIS as Credit Code 34.

| Section A - Original MEPD Calculation | | Section B – Days "C" or "D2" From Start Date through Original MEPD (Do not include C/D2 time that occurs after the original MEPD) | | |
|---|---|---|---|---|
| 1. Start Date | = 12/5/05 | | | |
| 2. Plus Time Imposed | + 40yrs | *From* | *Thru** | *Number of Days*** |
| | = 12/5/45 | _____ | _____ | _____ |
| 3. Minus Pre/Postsentence Credit | - Ø | _____ | _____ | _____ |
| | = 12/5/45 | _____ | _____ | _____ |
| 4. Minus Vested Credit [PC 667(e) divide by 2] [PC 2933.1 divide by 5.66] (round down) | - Ø = 12/5/45 | Total Days "C" and/or "D2" From Start Date to Original MEPD | | = _____ |
| 5. Plus Dead Time | + Ø | Equals CDC Conduct Credit Not Applied While C/D2 (divide total days C/D2 by 4 [PC 667(e)] or 5.66 [PC 2933.1] round down) | | |
| 6. Equals Maximum Eligible Parole Date | = 12/5/45 | | | = _____ |
| 7. Minus Start Date (Line 1) | - 12/5/05 | | | |
| 8. Equals days to serve | = 14610 | *If the current work group is "C" or "D2" use the original MEPD as the "THRU" date. If the last day of "D2" is earlier than the original MEPD, use the earlier date as the "THRU" date. | | |
| 9. Minus Dead Time | - Ø | | | |
| 10. Equals Days Where Credit May Be Applied | = 14610 | **Number of Days equals "THRU" date minus "FROM" date plus 1 day. | | |
| 11. Equals CDC Conduct Credit (divide Line 10 by 5 [PC 667(e)] or 6.66 [PC 2933.1], round down) | = 2193 | Section C - Credit Losses and Restorations | | |
| 12. Maximum Eligible Parole Date (Line 6) | 12/5/45 | Date of CDC 115   Loss   Restored   Net Loss | | |
| 13. Minus CDC Conduct Credit (Line 11) | - 2193 | _____  _____  _____  _____ | | |
| **14. Equals Original MEPD** | = 12/4/39 | Net Credit Losses | | |

### Section D: Calculating Adjusted MEPD

1. Original MEPD (from Section A, Line 14)  _____
2. Plus Credit Not Applied While C/D2 (from Section B)  _____
3. Plus Net Credit Lost (from Section C)  + _____
4. Equals Adjusted MEPD (cannot exceed Maximum Eligible Parole Date):  = _____
5. Minus Maximum Eligible Parole Date (from Section A, Line 6)  _____
6. Equals Excess Credit Loss to Apply to Next Period Being Calculated***

***Mixed Credit Codes: when credit lost exceeds credit applied (Adjusted MEPD is later than Maximum Eligible Parole Date), subtract the Maximum Eligible Parole Date from the Adjusted MEPD which equals the days lost to apply to the next period being calculated.

| CALCULATED BY (Name and Title) S. Estrada, CCRII | | DATE 5/1/07 |
|---|---|---|
| INMATE'S NAME Gault | CDC NUMBER C54315 | LOCATION PVSP |

STATE OF CALIFORNIA
CALCULATION WORKSHEET
OBIS CREDIT CODES 3, 4, OR 6
CDC 1897E (04/00)

DEPARTMENT OF CORRECTIONS

# INMATE COPY

## CALCULATION WORKSHEET FOR PC SECTION 667(e) AND PC SECTION 2933.1

This form is used to calculate the Earliest Possible Release Date (EPRD) for inmates sentenced as a second-strike offender (Penal Code Sections 667(e) or 1170.12) and violent offenders whose offense date is on or after September 21, 1994. When sentenced as a second-strike offender, the OBIS credit code is 3 (20%). When the offense is a violent offense committed on or after September 21, 1994, the OBIS credit code is 4 (15%) or 6 (15%) if a second-strike violent offense.

| Section A - Original EPRD Calculation | | Section B - Days "C" or "D2" From Start Date through Original EPRD (Do not include C/D2 time that occurs after the original ERPD) | | |
|---|---|---|---|---|
| 1. Start Date | 11/2/99 | | | |
| 2. Plus Time Imposed | + 8yrs 8 months | From | Thru* | Number of Days** |
| | = 7/2/08 | ___ | ___ | ___ |
| 3. Minus Pre/Postsentence Credit | - 614 | ___ | ___ | ___ |
| | = 10/27/06 | ___ | ___ | ___ |
| 4. Minus Vested Credit [PC 667(e) divide by 2] (PC 2933.1 divide by 5.66) (round down) | - 4 = 10/23/06 | Total Days "C" and/or "D2" From Start Date to Original EPRD | | ___ |
| 5. Plus Dead Time | + 0 | Equals CDC Conduct Credit Not Applied While C/D2 (divide total days C/D2 by 4 [PC 667(e)] or 5.66 [PC 2933.1] round down) | | |
| 6. Equals Maximum Date | = 10/23/06 | | | = ___ |
| 7. Minus Start Date (Line 1) | 11/2/99 | | | |
| 8. Equals days to serve | = 2547 | *If the current work group is "C" or "D2" use the original EPRD as the "THRU" date. If the last day of "D2" is earlier than the original EPRD, use the earlier date as the "THRU" date. | | |
| 9. Minus Dead Time | 0 | | | |
| 10. Equals Days Where Credit May Be Applied | = 2547 | **Number of Days equals "THRU" date minus "FROM" date plus 1 day. | | |
| 11. Equals CDC Conduct Credit (divide Line 10 by 5 [PC 667(e)] or 6.66 [PC 2933.1], round down) | = 382 | Section C - Credit Losses and Restorations | | |
| 12. Maximum Date (Line 6) | 10/23/06 | Date of CDC 115 | Loss | Restored | Net Loss |
| 13. Minus CDC Conduct Credit (Line 11) | - 382 | 11/4/05 | 60 | 0 | 60 |
| **14. Equals Original EPRD** | = 10/6/05 | Net Credit Losses | | | 60 |

### Section D: Calculating Adjusted EPRD

| | | |
|---|---|---|
| 1. Original EPRD (from Section A, Line 14) | | 10/6/05 |
| 2. Plus Credit Not Applied While C/D2 (from Section B) | + | 0 |
| 3. Plus Net Credit Lost (from Section C) | + | 60 |
| 4. Equals Adjusted EPRD (cannot exceed Maximum Date): | = | 12/5/05 |
| 5. Minus Maximum Date (from Section A, Line 6) | | |
| 6. Equals Excess Credit Loss to Apply to Next Period Being Calculated*** | | |

***Mixed Credit Codes: when credit lost exceeds credit applied (Adjusted EPRD is later than Maximum Date), substract the Maximum Date from the Adusted EPRD which equals the days lost to apply to the next period being calculated.

| CALCULATED BY (Name and Title) S. Estrada, CCRA | | DATE 5/1/07 |
|---|---|---|
| INMATE'S NAME Gautt | CDC NUMBER C54315 | LOCATION PVSP |

E2

STATE OF CALIFORNIA
CA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|------|-----|------------------|------------|
| 3-12-98 | Records "Cross"    RJDCF | Noussias | D-46818 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB HOURS |
|---------|------------|-----------------|-----------|
| M B3 | 132 | Fac 1 2/w yard crew | FROM 0600    TO 1400 |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

| | ASSIGNMENT HOURS |
|---|---|
| | FROM ———    TO ——— |

### Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I would like to get a clarification to the attached Feb. 9, 1998 Letter
I sent to Records on the day inquestion. Thank you

                                        Noussias

Do NOT write below this line. If more space is required, write on back

INTERVIEWED BY

DISPOSITION                                                     DATE 4/6/98

You can not be held past your Max CDD date.

                                        C. Cross, CCS

F1-03-132L   Olivia

STATE OF CALIFORNIA
GA-22 (9/92)                    **INMATE REQUEST FOR INTERVIEW**                    DEPARTMENT OF CORRECTION

| DATE | TO | FROM (LAST NAME) | | CDC NUMBER |
|---|---|---|---|---|
| March 12th | Case Records - O. O'Connor | Eiferman, Garret | | H-53382 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB HOURS | |
|---|---|---|---|---|
| Fac 1- 6-3 | 132ᴸ | Auto Body & fender | FROM 7:00 AM | TO 4:00 PM |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS | |
|---|---|---|
| N.A | FROM N.A | TO N.A |

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I would like to know, Once my Max Release date is set, can I
Be Held past my Max date If I don't Receive Any discipl.
Infractions? Thank You very much for your time.
P.S. Garet

Do NOT write below this line. If more space is required, write on back.

INTERVIEWED BY / Response: O. O'Connor                    DATE 3-19-98

DISPOSITION

You can be held past your release date as long as
it does not go beyond your maximum release
date.

(54)

# EXHIBIT D

(57)



| California Department of Corrections OPERATIONS MANUAL | **Chapter:** 70000<br>Case Records Information |
|---|---|
| | **Subchapter:** 73000<br>Legal |
| | **Section:** 73030<br>Time Computation |

**73030.17**
**ISL TERMS**

Terms for offenses committed prior to 7-1-77 under the Indeterminate Sentence Law pursuant to PC Section 1168(b), where release was determined by the paroling authority, are called ISL cases.

**73030.17.1**
**RECALCULATION**
**OF ISL TERMS**

The majority of terms under the ISL require recalculation based on the Determinate Sentence Law (DSL) pursuant to PC Section 1170.2.

The DSL provides several indeterminate sentences for specific crimes. Those crimes which remain indeterminate do not require recalculation.

- Any case for which the statutory penalty is one-year-and-one-day, except as specified determinate in the PC, is an indeterminate sentence under this section. See DOM subsection 73010.6.18 on DSL indeterminate terms.

**73030.17.2**
**ISL PRIMARY TERM FIX**

In re Rodriguez (14 Cal 3d 639 1975) held that the paroling authority (BPT) must determine the time of incarceration based on the severity of the crime(s).

**73030.17.3**
**EXTENDED TERM**
**CONSIDERATIONS**

PC Section 1170.2(b) gives the BPT authority to hold hearings for the purpose of possibly extending an inmate's normally recalculated DSL term. These are called Extended Term Hearings (ETH).

**73030.17.3.1**
**FIRST SCREENING**

The Correctional Case Records Manager (CCRM) is responsible for the first screening of an inmate's case dynamics to determine if an ETH may be necessary. The CCRM shall be guided by the law in determining if the inmate fits the criteria for an ETH.

A CDC Form 678 shall be completed in all applicable cases even for those not meeting the criteria for an ETH. The CDC Form 678 shall accompany the central file through the screening process.

**73030.17.3.2**
**CRITERIA FOR EXTENDED**
**TERM HEARINGS**

The CCRM shall indicate an ETH is required if the inmate was convicted of any of the following crimes, or in the following circumstances, whether the count was stayed or resulted in a commitment to State prison:

- PC Section 187, Second degree murder.

- PC Section 192, Voluntary manslaughter.

- PC Section 203, Mayhem.

- PC Sections 211/213, First degree robbery or robbery with great bodily injury.





| California Department of Corrections OPERATIONS MANUAL | Chapter: 70000 Case Records Information |
|---|---|
| | Subchapter: 73000 Legal |
| | Section: 73030 Time Computation |

- Early release. Any case in which the ISL parole date is more than one year later than the DSL release date.

**73030.17.3.3**
**NOT AN ETH CASE,**
**PC 1170.2(A)**

The CDC Form 144, DSL Control Card, shall be checked in the appropriate space to indicate it is not an ETH case and it will be filed with other CDC Form 144 cards in the normal manner, with earliest release dates first.

**73030.17.3.4**
**INITIALLY AN**
**ETH CASE**

If the correctional case records manager, during the first screening, determines that the inmate meets ETH criteria, the CDC Form 144 card shall be marked to reflect it as a PC Section 1170.2(b) case. The DSL Control Card shall be filed with other ETH DSL Control Cards.

**73030.17.3.5**
**SUBSEQUENT**
**SCREENING**

The BPT may do second and third ETH screenings. Frequently, the third BPT screening will take place without second screening. The BPT can designate a case a PC 1170.2(a) case at any point during the screening process.

If the BPT determines that an inmate is a PC 1170.2(a) (no ETH necessary), then the correctional case records manager shall update the CDC Form 144 to reflect that change.

The third BPT screening shall be reflected on BPT Form 1091. The original shall remain with the C-file with copies going to BPT Headquarters, Research, and the inmate.

If the case is an overdue PC 1170.2(a) case, or scheduled for release within 60 days according to the DSL calculation, the case shall be referred to P&CSD within five days of discovery. The CDC Form 611 shall be identified as a priority case.

**73030.17.3.6**
**EXTENDED TERM**
**HEARING**

PC 1170.2(b) and 3041.5 require that the inmate be notified within 90 days of receipt into the Department if he/she is scheduled for an ETH and the hearing must be held within 120 days of receipt. The 120 days is computed from the latest of the date:

- Of reception.

- Of return to prison from court.

- On return to prison from another jurisdiction following service of a commitment to which a California term is ordered to be served consecutively.

- An amended Abstract of Judgment is received by CDC.

59

BOARD OF PRISON TERMS                                                              STATE OF CALIFORNIA

## NOTICE OF HEARING
Pursuant to Penal Code Section 3042

DATE:    10-1-92

TYPE OF HEARING

[X] Life Prisoner Initial Parole
    Consideration Hearing
    (P.C. 3041, 3041.7 & 3042)

TO:    JAMES P. CLONINGER
       Office of the District Attorney
       County of  ORANGE
       707 CIVIC CENTER DR. W. RM. A200
       SANTA ANA       CA  92702.

[ ] Life Prisoner Subsequent Parole
    Consideration Hearing
    (P.C. 3041. 3041.7, & 3042)

[ ] Life Prisoner Rescission Hearing
    (P.C. 3041.7)

[ ] Extended Term Hearing
    (P.C. 1170.2(b) )

[ ] Other

RE:    Name:   PROTOPAPPAS, TONY              CDC No.:   C-95128

       Court Case No.:    C-52021             PD/SO No.:

       D.O.B.:   6-1-45                       Received:   10-31-84

       Offense:   PC 187, MURDER 2nd

The named inmate will appear before the Board of Prison Terms for a hearing as indicated above. The hearing
will be held during the week of    DECEMBER 10, 1992 AT 8:30 AM

Your comments and recommendations regarding this case are respectfully invited for presentation to the Board of
Prison Terms. Please submit your written response on the reverse side or by attachment to this notice no later than
ten days prior to the Monday of the hearing week. If you have documents or reports which include information
about the prisoner, the prisoner's offense(s), or the prisoner's prior criminal history, you are encouraged to submit
those along with your comments and recommendations.

A representative of the District Attorney's Office may attend this hearing as provided in Title 15, Division 2, Cal.
Adm. C. §2030. If a prosecutor wishes to attend, please notify the person named below at least two weeks prior to
the Monday of the hearing week. Failure to provide notice of attendance may result in denial of access to the
institution for the hearing. Information not available in the hearing file must be received in writing no later than ten
days before the Monday of the hearing week even if a prosecutor plans to attend the hearing.

The prosecutor may arrange to review the prisoner's department file at the institution by calling the person named
below. If this is a subsequent parole consideration hearing, the transcript of last year's hearing is also available
for review at the institution.

Please mail reply to:       RUBY WATERS, ASST. C&PR
                            RICHARD J. DONOVAN CORRECTIONAL FACILITY
                            480 ALTA ROAD
                            SAN DIEGO, CA. 92179

6⁰

BOARD OF PRISON TERMS
STATE OF CALIFORNIA

## NOTICE OF HEARING
Pursuant to Penal Code Section 3042

DATE:: 10-01-92

**TYPE OF HEARING**

[X] Life Prisoner Initial Parole
Consideration Hearing
(P.C. 3041, 3041.7 & 3042)

[ ] Life Prisoner Subsequent Parole
Consideration Hearing
(P.C. 3041, 3041.7, & 3042)

[ ] Extended Term Hearing
(P.C. 1170.2(b) )

[ ] Other

TO:    ROBERT FULLER
ATTORNEY AT LAW
13215 E. PENN ST. STE 310
WHITTIER,        CA   90602

RE:    Name:.   PROTOPAPPAS, TONY            CDC No.:   C-95128

Court Case No.:    C-52021            PD/SO No.:

D.O.B.:    6-1-45            Received:   10-31-84

Offense:  PC 187, MURDER 2nd

Location of Offense:  534 W. 19th ST., COSTA MESA

The named inmate will appear before the Board of Prison Terms for a hearing as indicated above. The hearing
will be held during the week of ___DECEMBER 10, 1992 AT 8:30 AM___

Your comments and recommendations regarding this case are respectfully invited for presentation to the Board of
Prison Terms. Please submit your written response on the reverse side or by attachment to this notice no later than
ten days prior to the Monday of the hearing week. If you have documents or reports which include information
about the prisoner, the prisoner's offense(s), or the prisoner's prior criminal history, you are encouraged to submit
those along with your comments and recommendations.

A representative of the District Attorney's Office may attend this hearing as provided in Title 15, Division 2, Cal.
Adm. C. §2030. If a prosecutor wishes to attend, please notify the person named below at least two weeks prior to
the Monday of the hearing week. Failure to provide notice of attendance may result in denial of access to the
institution for the hearing. Information not available in the hearing file must be received in writing no later than ten
days before the Monday of the hearing week even if a prosecutor plans to attend the hearing.

Please mail reply to:   RUBY WATERS, ASST. C&PR
RICHARD J. DONOVAN CORRECTIONAL FACILITY
480 ALTA ROAD
SAN DIEGO, CA. 92179

# NOTICE OF HEARING
## Pursuant to Penal Code Section 3042

DATE: OCTOBER 09, 2001

TYPE OF HEARING

☐ Life Prisoner Initial Parole
Consideration Hearing
(PC 3041, 3041.7 & 3042)

TO: THE HONORABLE PRESIDING

JUDGE OF THE SUPERIOR COURT
COUNTY OF AMADOR
108 COURT STREET
JACKSON, CA 95642

☒ Life Prisoner Subsequent Parole
Consideration Hearing
(PC 3041, 3041.7 & 3042)

☐ Extended Term Hearing
(PC 1170.2(b) )

☐ OTHER

NAME: TAYLOR, JERRY

CDC NO.: D05217

COURT CASE NO.: AMA12941/SCR96140

PD/SO NO.: S109217

D.O.B.: 06-20-40

RECEIVED: 05-04-87

OFFENSE: PC192/ VOL. MANSLAUGHTER/ PC187 W/ PC12022.5/ MURDER 1ST W/USE OF D/W

The named inmate will appear before the Board of Prison Terms for a hearing as indicated above. The hearing will be held during the week of **NOVEMBER 14, 2001 AT 1330 HOURS.**

Your comments and recommendations regarding this case are respectfully invited for presentation to the Board of Prison Terms. Please submit your written response on the reverse side or by attachment to this notice no later than ten days prior to the Monday of the hearing week.

A representative of the District Attorney's Office may attend this hearing as provided in Title 15, Division 2, Cal. Adm. C §2030. If a prosecutor wishes to attend, please notify the person named below at last two weeks prior to the Monday of the hearing week. Failure to provide notice of attendance may result in denial of access to the institution for the hearing. Information not available in the hearing file must be received in writing no later than ten days before the Monday of the hearing week even if a prosecutor plans to attend the hearing.

Please mail reply to:

J. T. ROWE, C&PR
DEUEL VOCATIONAL INSTITUTION
PO BOX 400
TRACY, CA 95378
(209) 830-3875

BPT 1087A (REV. 10-1-83)



# EXHIBIT E



| | |
|---|---|
| **California Department of Corrections** **OPERATIONS MANUAL** | **Chapter:    70000** Case Records Information |
| | **Subchapter:  73000** Legal |
| | **Section:      73010** Legal Status Information |

These cases require special processing following determination by the BPT. The procedures for producing a manually prepared Legal Status Summary as outlined in DOM Subsection 73010.6 will be followed.

These procedures shall be followed in preparing, computing, and recording BPT actions for DSL indeterminate terms.

**DSL Indeterminate Term Only**

Regular ISL procedures shall be followed using the BPT Form 1010 for recording the determination and making the period of confinement computation.

**DSL Indeterminate CC with DSL Term**

If the minimum release date for the DSL term is later than the statutory maximum for the DSL indeterminate term, no BPT parole hearing is required. If the DSL minimum is earlier than the maximum term for the indeterminate offense, the inmate shall be scheduled for an ISL parole hearing. The later release date shall be the controlling release date.

**DSL Indeterminate CC with ISL Term**

Regular ISL procedures shall be followed using the BPT Form 1010 for recording the determination and making the period of confinement computation. In addition, a PC 1170.2(a) recalculation shall be made for the ISL terms.

**DSL Indeterminate CS with DSL Term**

Schedule the DSL indeterminate case for the first available ISL parole consideration hearing for determination of the indeterminate case only. A BPT Form 1010 shall be used for this determination. The reception date for the ISL computation shall be the date originally received on the offenses involved.

The release date for the DSL indeterminate offense shall be the term start date on the DSL term. A DSL computation shall then be completed for the remaining DSL term.

**DSL Indeterminate CS with ISL Term**

Schedule an ISL parole consideration hearing on the first available ISL hearing calendar. The ISL portion of the BPT determination shall be processed in accordance with existing ISL hearing procedures.

**Combined DSL Recalculation and ISL Hearing for the DSL Indeterminate Case**

During the ISL parole consideration hearing, the BPT hearing panel shall enter in the comments section of the BPT Form 1010, a determination of the amount of time assessed for the DSL indeterminate offense for the purpose of determining the CS factor of the recalculation.



| | | |
|---|---|---|
| California Department of Corrections  **OPERATIONS MANUAL** | **Chapter:** 70000  Case Records Information | |
| | **Subchapter:** 73000  Legal | |
| | **Section:** 73010  Legal Status Information | |

A separate BPT Form 1010 shall be used by the specialist to compute the release date for the DSL indeterminate case. This BPT Form 1010 shall be attached to the original form with a notation, "see ISL BPT Form 1010 dated _____."

This release date shall be used as the term start date in the computation on the CDC Form 678, Confinement Computation, for the recalculation of the remaining counts or cases.

A PC 1170.2(b) (extended term) screening shall be made at the time of initial processing to ensure completion prior to 90 days after receipt.

Upon completion of the recalculation of the counts or cases, the CDC Form 678 shall be presented to a BPT panel for signature.

**73010.6.17 DETERMINATE 1-YEAR AND- 1-DAY TERMS**

PC 4532(a), Escape From County Jail Without Force, where the crime was committed on or after 1-1-85, has a determinate sentence of one year and one day.

The procedure for producing a manual face sheet as outlined in DOM Subsection 73010.6 shall be followed except for DOM Subsection 73010.6.3, Release Data. Release dates shall not be calculated by the LPU on these cases. The specialist at the institution housing the inmate shall compute the release date upon receipt of the manual face sheet.

No referral to the BPT is required and those cases are calculated in the same manner as for other DSL terms.

**73010.6.18 INFORMATION RECORDED ON BOTTOM OF CDC FORM 188**

On cases with life terms, enter the following information above the name, number, etc., at the bottom of the first page:

* Defense Counsel.

* Investigating agency.

Record on each page of the Cumulative Case Summary the last name, number, unit of the Department, date, the initials of the CRS who calculated the case and the initials of the typist.

**EXAMPLE:**

JONES    A50000    RC-C    1-12-88    RO/cs