1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  ELIZABETH S. KIM, State Bar No. 166599
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5715
     Fax: (415) 703-5843
8    Email: Elizabeth.Kim@doj.ca.gov

9  Attorneys for Respondent Yates, Warden

10

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                        OAKLAND DIVISION

| | |
|---|---|
| BARRY SIMON JAMESON, | C07-03160 SBA |
| Petitioner, | NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| JAMES A. YATES, Warden, | |
| Respondent. | |

TO PETITIONER BARRY S. JAMESON, IN PRO PER:

Respondent James A. Yates, Warden of Pleasant Valley State Prison where Petitioner is currently incarcerated, moves to dismiss the habeas corpus petition under Rule 4 Governing § 2254 Cases in the United States District Courts on the ground that Petitioner has failed to exhaust his state court remedies as to his claims. This motion is based on the notice and motion, supporting memorandum of points and authorities, the pleadings, records, and files in this case.

\\\

\\\

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Petitioner is a California inmate serving an indeterminate life sentence for second-degree murder. (Pet. at 1b.) Petitioner alleges that he is unlawfully held in prison because he has surpassed his maximum release date. (*See* Pet. *generally*.) Respondent moves to dismiss the petition because there is no evidence Petitioner exhausted his state court remedies before bringing his claims to this Court.

### ARGUMENT

### THE PETITION SHOULD BE DISMISSED BECAUSE PETITIONER HAS NOT SHOWN THAT HE EXHAUSTED HIS STATE COURT REMEDIES AS TO HIS CLAIMS.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) states that a petition for habeas corpus on behalf of a person in custody pursuant to the judgment of a state court cannot be granted unless the prisoner has exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999) (state inmate must give the state courts an opportunity to act on his claim before federal court may consider granting habeas corpus relief). The Supreme Court has stated that § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal courts, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (citing *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). Thus, the California Supreme Court must have been given at least one opportunity to review each of Petitioner's federal habeas claims. *Larche v. Simons*, 53 F.3d 1068, 1071 (9th Cir. 1995).

The law requiring exhaustion in state courts prior to filing for relief in federal court is primarily grounded in the "respect which the federal courts have for the state judicial processes and upon the administrative necessities of the federal judiciary." *Wade v. Mayo*, 334 U.S. 672, 679 (1948). The exhaustion requirement doctrine is designed to protect the state court's role in the enforcement of federal law. *Rose*, 455 U.S. at 518. Thus, if one or more claims in the federal petition have not been exhausted, the district court must dismiss the petition. *Rose*, 455 U.S. at 522.

Not. of Mot. & Mot. to Dismiss

*Jameson v. Yates*
C07-03160 SBA

1  Here, there is no evidence Petitioner exhausted his state court remedies as to the claims he
2  now presents to the Court. The only state court filings referenced in his petition appear to relate
3  to his criminal conviction. (*See* Pet. at 4-5.) Petitioner bears the burden of proving that he has
4  exhausted his state remedies prior to filing his federal petition. *Darr v. Burford*, 339 U.S. 200,
5  218-19 (1950). Because Petitioner has not satisfied his burden, there is no evidence that he gave
6  the California Supreme Court an opportunity to dispose of this claim on the merits. *Larche*, 53
7  F.3d at 1071. Therefore, Petitioner's habeas petition must be dismissed. 28 U.S.C. §
8  2254(b)(1)(A); *Rose*, 455 U.S. at 522.

## CONCLUSION

The Court should dismiss the habeas petition because Petitioner has not met his burden of demonstrating exhaustion of his state court remedies as to his claims.

Dated: October 30, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

ELIZABETH S. KIM
Deputy Attorney General
Attorneys for Respondent

20111501.wpd
SF2007200731

Not. of Mot. & Mot. to Dismiss

*Jameson v. Yates*
C07-03160 SBA

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Jameson v. Yates**

Case No.:    **C07-03160 SBA**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On October 31, 2007, I served the attached

**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Barry S. Jameson
C-88511
Pleasant Valley State Prison
Post Office Box 8502
Coalinga, CA 93210-8502
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **October 31, 2007**, at San Francisco, California.

| M. Xiang | *(signature)* |
|---|---|
| Declarant | Signature |

20111794.wpd