```
 1  BARRY SIMON JAMESON
    CDCR No. C88511
 2  Pleasant Valley State Prison
    Post Office Box 8502
 3  Coalinga, CA 93210-8502
    No Telephone, Fax nor E-Mail
 4  Institutional Telephone:
    (559) 935-4900
 5
    Petitioner,
 6  Representing Self and
    Layman at Law, Under
 7  Disability of Imprisonment

 8

 9            IN THE UNITED STATES DISTRICT COURT

10           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                      OAKLAND DIVISION

12
13  BARRY SIMON JAMESON,              C07-03160 SBA

14                    Petitioner,     PETITIONER'S OPPOSITION
                                      TO MOTION TO DISMISS;
15       versus                       MEMORANDUM OF POINTS
                                      AND AUTHORITIES
16  JAMES A. YATES, Warden,
                                      The Honorable
17                    Respondent.     SAUNDRA B. ARMSTRONG,
                                      District Judge
18
19  TO:  COUNSEL FOR RESPONDENT, JAMES A. YATES, ELIZABETH S. KIM:

20       Petitioner BARRY S. JAMESON (Petitioner) files this opposi-

21  tion to the motion to dismiss made by Respondent on the ground

22  that Petitioner has failed to exhuast his state court remedies

23  as to his claims (Motion to Dismiss (MTD); 1:24-25), states that

24  he has in fact exhausted state court remedies, and contends the

25  motion should be denied.  Petitioner bases his opposition on this

26  opposition to motion to dismiss, his supporting memorandum of

27  points and authorities, the pleadings, records and files in this

28  case, as well as all exhibits before the Court.
```

1



Opp. to Motion to Dismiss                                C07-03160 SBA

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Contrary to what Respondent contends in the motion (MTD; 2:3), California's Indeterminate Sentencing Law (ISL) was repealed in 1977 and replaced with the Determinate Sentencing Law (DSL); therefore, Petitioner was not given "an indetermnate life sentence." Under the DSL, the sentence is <u>determinate</u>, but the term itself is subject to fluctuations regarding earned or taken credits and is <u>indeterminate</u>.

Petitioner received a sentence of 15 years for the Base Term by the Court for his second-degree murder in 1982, with 2 years of enhancements, or 17 years aggregate. The options for his offense are from 15 years to life, but under California Penal Code sections 12 and 13, the Court must make a choice at sentencing between these two options. The Court did, and sentenced Petitioner to 17 years total. California statute mandates that the Court make a choice, the Court did, and upon arriving in prison, Petitioner was told by the California Department of Corrections and Rehabilitation (CDCR) he was serving "Life." This was followed shortly thereafter with promise after promise by release officials that CDCR has a Zero Release Policy and he is never getting out. A sentence of 17 years with the ability to earn halftime credits that would have released Petitioner in approximately 9 years has now resulted in Petitioner coming into prison in his twenties and he is now in his fifties. He has 24 years of actual time with approximately 23 years of credits, or 47 years to credit towards his 17 year promised sentence. He never received "Life" from the Court.

1   Respondent wants the Court to believe that Petitioner was sen-
2 tenced to "Life," which some California inmates are for some of-
3 fenses, because if they make such an erroneous claim enough times,
4 it may be taken as a fact. Respondent cites the Petiton at "1.b"
5 in their motion (MTD; 2:3-4), falsely asserting that Petitioner
6 himself stated he had "an indeterminate life sentence." A look
7 at the Petition, p. 1b, will show clearly that Petitioner has
8 always maintained he was given, as his exhibits demonstrate, a
9 17-year sentence, with 5 years of parole.
10   Respondent correctly asserts that Petitioner claims he has
11 been held in prison past his Maximum Release Date (as shown in
12 the exhibit, e.g., see Petition, Exhibit C), among other claims.
13 Respondent finally claims that Petitioner has not "exhausted his
14 state court remedies before bringing his claims to this Court"
15 (MTD; 2:6-7), and based on this claim, Respondent has moved to
16 dismiss the Petition.
17   Petitioner has presented the issues in the Petition to the
18 State's Supreme Court (**EXHIBIT A**); therefore, Petitioner requests
19 the Court deny the motion accordingly.

**ARGUMENT**

21   It is well settled that when a state inmate intends to bring
22 a petition for writ of habeas corpus to the Federal Court(s),
23 the state inmate must first present the petition to the State's
24 Highest Court. Under the AEDPA (28 U.S.C. § 2254), a petition
25 presented to the Federal Court(s) cannot be granted unless the
26 petition was exhausted in the state courts. (Subsection (b)(1)
27 (A).) Title 28 U.S.C. § 2254(b) "provides a simple and clear
28 instruction to potential litigants:  before you bring any claims

3

Opp. to Motion to Dismiss                              C07-03160 SBA

to federal courts, be sure that you first have taken each one to state court." Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (citing Rose v. Lundy, 455 U.S. 509, 520 (1982)). Thus, the California Supreme Court must have been given at least one opportunity to review each of Petitioner's federal habeas claims. Larche v. Simons, 53 F.3d 1068, 1071 (9th Cir. 1995).

Respondent correctly points out that "Petitioner bears the burden of proving that he has exhausted his state remedies prior to filing his federal petition." Darr v. Burford, 339 U.S. 200, 218-219 (1950). Petitioner can and he will.

One look at **EXHIBIT A** will show that Petitioner presented the issues presented in this petition to the California Supreme Court in 2006, and it was denied by the California Supreme Court on 16 August 2006. Petitioner received the denial on 21 August 2006. Therefore, Petitioner has met his burden, and the motion to dismiss should be denied accordingly.

14 November 2007

Respectfully submitted,

*Barry Simon Jameson*

BARRY SIMON JAMESON
Petitioner,
Representing Self and
Layman at Law, Under
Disability of Imprisonment

Attachment: Exh. A

xc All Parties

:bsj

/ / /
/ / /

4

Opp. to Motion to Dismiss

C07-03160 SBA

## VERIFICATION

I, BARRY S. JAMESON, Plaintiff/Petitioner in this matter, declare under penalty of perjury that the foregoing is true and that this document was executed in Fresno County, California on the date below.

Dated: 14 November 2007

*[signature: Barry S. Jameson]*
BARRY S. JAMESON
Verifier-Plaintiff/Petitioner

---

PROOF OF SERVICE BY MAIL
(C.C.P., Sec. 1013(a)) and
28 U.S.C., Sec. 1746)

I, the undersigned, declare that I am not a party to this action, am over the age of eighteen (18) years, my correct address is P.O. Box 8500, Coalinga, CA 93210-8500 (no telephone, fax or E-Mail), and on the date below I served a document(s) titled:

PETITIONER'S OPPOSITION TO MOTION TO
DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES

on the party(s) named below by placing them into a sealed, postage-paid envelope, and placing them into the United States Postal Service mail system, first-class mail, addressed as:

ELIZABETH S. KIM
Deputy Attorney General
State of California
455 Golden Gate Avenue
   Suite 11000
San Francisco, CA 94102-7004

Counsel for Respondent
JAMES A. YATES, Warden.

---

NOTE: This document served pursuant to the Prison-Delivery Rule, Rules 8.304 and 8.400 (deemed served on date of mailing below).

---

I, the undersigned, further declare under penalty of perjury that the foregoing is true and that this declaration was executed in Fresno County, California on the date below.

Dated: 15 November 2007

*[signature: Jeff Roe]*
JEFF ROE

Verification/Proof of Service by Mail; Page __one__ of __one__.

Opp. to Motion to Dismiss                                    C07-03160 SBA

# EXHIBIT A

S138122

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

*Rec'd 21/AUG'6 B. Jameson*

---

In re BARRY S. JAMESON on Habeas Corpus

---

Petition for writ of habeas corpus is DENIED. (See *In re Dannenberg* (2005) 34 Cal.4th 1061.)

SUPREME COURT
F I L E D
AUG 16 2006
Frederick K. Ohlrich Clerk
                DEPUTY

**GEORGE**
Chief Justice

B. Jameson C88511
(B2-119) P.O.B. 8502
Coalinga, CA
93210-8502

To: Clerk of U.S. District Court — Northern District of California Oakland Division
1301 Clay Street
Suite 400S
Oakland, CA
94612-5212

THIS MAIL GENERATED FROM PLEASANT VALLEY STATE PRISON

CONFIDENTIAL

LEGAL MAIL

