

BARRY SIMON JAMESON
CDCR No. C88511
Pleasant Valley State Prison
Post Office Box 8502
Coalinga, CA 93210-8502
No Phone, Fax nor E-mail
Institutional Telephone
(559) 935-4900

Petitioner,
Representing Self and
Layman at Law, Under
Disability of Imprisonment

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

BARRY SIMON JAMESON,

          Petitioner,

versus

JAMES A. YATES,

          Respondent.

CV07-03160 SBA

PETITIONER'S RESPONSE TO
RESPONDENT'S REPLY TO
OPPOSITION
TO DISMISS AND REQUEST TO
CONTINUE FILING MOTIONS TO
DISMISS IN LIEU OF AN ANSWER
TO THE PETITION FOR WRIT OF
HABEAS CORPUS

The Honorable
SAUNDRA B. ARMSTRONG,
United States District Judge

## DISCUSSION

Respondent filed a motion to dismiss, pursuant to this Court's Order that Respondent either filed an Answer to the petition or file a motion to dismiss, if appropriate. Respondent filed the motion to dismiss (MTD) asserting that Petitioner had not exhausted his State Court remedies as required under the AEDPA (28 U.S.C. § 2254). Respondent has now conceded that Petitioner has exhausted his State Court remedies, and Petitioner, who has now exceeded his Court-ordered and promised sentence, languishes in prison while Respondent has now decided they would like to file another motion to

1

C07-03160 SBA

MTD to address whether Petitioner has stated a prima facie case for relief and to address the statute of limitations. Petitioner objects to the continual filing of MTD, and states that he clearly has stated more than a prima facie case for relief and clearly the statute of limitations is not an issue for numerous reasons.

To briefly address these two claims, Petitioner begins with the claim for relief. Respondent appears to be alleging that even if Petitioner was held beyond his actual discharge date—as Petitioner has been—he would never be entitled to say anything—ever—regarding the fact he is a human being in prison after his entire sentence has expired, because under the AEDPA after a year, a person so situated should simply accept that they are going to spend the rest of their life imprisoned. This is a ludicrous concept.

Moreover, Petitioner's offense occurred in 1982. He was sentenced to 17 years for his Base Term—as Respondent agrees to in the Reply to Opposition to MTD (2:13-14)—and a 5-year parole period. This is 22 years. He entered the department of corrections in 1984, and his 22 years expired in 2006. He filed in the State Court in 2006, and is now in this Court accordingly. It is virtually impossible that Petitioner exceeded the one-year limit of the AEDPA, as Petitioner waited until his discharge date, as it is clear in California that for political reasons prison officials are heeding the State Governor's agenda and not releasing anyone on _early_ release, known as parole. With parole a virtual impossibility under the policy, but not the law, Petitioner filed his petition asserting that his parole period had now expired and parole is a non-issue. The issue is discharge after a completed sentence, which in Petitioner's view can _never_ be time barred.

An illegal sentence is one "not authorized by the judgment of conviction" or "in excess of the permissible statutory penalty for the crime."

2

C07-03169 SBA

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

United v. Vences, 169 F.3d 611, 613 (9th Cir. 1999) (quoting United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir. 1986), cert. denied 479 U.S. 1094, 107 S.Ct. 1309, 94 L.Ed.2d 153 (1987). A motion to correct an "illegal" sentence may be made at any time. United States v. Mack, 494 F.2d 1204, 1207 (9th Cir. 1974).

Petitioner contends that his claim for relief clearly meets the prima facie standard for review. In fact, if the Court imposed the law to the facts as they are presented, the writ should issue. It is not even close. The only way the Respondent has at this point of ignoring the law is to mislead the Court into believing that Petitioner is pleading to be released on parole, even though the five-year parole window has opened and closed.[1] "Parole" is defined as "early release to complete the balance of the sentence." There is no "balance" left. The account is depleted, and some.

Therefore, the claim that there is no claim must fail, and the claim that Petitioner has exceeded the one-year of the AEDPA is without merit, as the petitioon is not only timely, but Petitioner is now an unsentenced person in a United States prison for solely political reasons, completely unrelated to the offense he was committed for and should have been released in 1992 on parole. He entered CDCR in his twenties after being told he would serve 15 years, plus 2 years of enhancements, and he was entitled to day-for-day earned credits pursuant to California Penal Code §§ 2931/2933/2934. Half of the 17 years (a little more because of county jail time) would have been in approximately 1992. CDCR simply ignored the law and refused to issue Petitioner his credits, refused to parole him, and now refuses to discharge him. He has never been involved in any violence, absent being the victim of such in

---

1. There is a possibility, if Petitioner had been given parole, it could have been extended for a parole violation for two years, but that is questionable and Petitioner was never paroled and given the opprtunity to violate parole.

prison from the guards and inmates alike, has a family, support, and everything necessary to be successful in society. There is no legal or moral justification in his further imprisonment, nor is there any merit to any of Respondent's contentions to be able to file repeated motions to dismiss in this Court.

Respondent is correct in asserting that Petitioner claimed he should have been released—on parole— on his **Maximum Release Date** as the exhibits show in the petition at issue in 1999; therefore, he had until 2000 to file his petition. He did file a petition requesting to be released on "parole." In 2000, the Federal Courts had never clarified whether California persons had a protected Liberty Interest in parole. Not until <u>McQuillion v. Duncan</u>, 306 F.3d 895 (9th Cir. 2002), did the Ninth Circuit finally clarify that California persons have a liberty interest in parole protected by the Federal Constitution. Then, in 2003, the Ninth Circuit held in <u>Brown v. Poole</u>, 337 F.3d 1155, that a California sentencing Court that promises a person a specific amount of years in Court, as in the instant case, is bound by such a promise, if the sentence is legal. Therefore, Respondent's attempt to have the Court address the useless opportunity for parole in California for Petitioner is nothing but a red herring argument that has nothing to do with the issue before the Court, as aforementioned. Of course Petitioner should have been released by law on 26 July 1999—as the statute mandates—on parole. It seems Respondent, who has taken an oath to uphold the State and Federal Constitution and the law, should not be making a MTD, but a motion to release Petitioner from his illegal custody; thus, illegal senntence. California law defines a Maximum Release Date as the latest date a person can be held in custody. California prison officials simply ignore their own statutes, and the Attorney General's Office does whatever it takes to support their policies,

4

C07-03160 SBA

regardless of the statutes that use mandatory and unambiguous language.

Petitioner is not delusional. He knows the Attorney General's intent is not to mandate prison officials adhere to the statutes and regulations and release Petitioner, but rather, to raise any claim valid or not to ensure Petitioner remains imprisoned. He has lived the experience for too long to believe in anything else from State officials. The request to file a MTD is based on meritless claims, as Petitioner made it abundantly clear that he should be <u>discharged</u> and parole was a non-issue. Respondent filed a motion to dismiss, and then submitted that it was meritless. Respondent should be required to file an Answer to the petition, and should somehow be required to explain how it is possible that as an officer of the Court and of the State they have been ignoring State law for over a decade, almost two now, for persons similarly situated as Petitioner.

## CONCLUSION

For all the foregoing reasons, especially because the Respondent has already filed a motion to dismiss and conceded it is meritless, any further motion to dismiss should not be entertained, as the merits and AEDPA issues raised by Respondent in their Reply to Opposition to Motion to Dismiss are themselves meritless and time consuming. They should Answer the petition.

11 December 2007

Respectfully submitted,

*Barry Simon Jameson*
BARRY SIMON JAMESON
Petitioner,
Representing Self and
Layman at Law, Under
Disability of Imprisonment

xc All Parties
:bsj


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

Jameson v. Yates                                                C07-03160 SBA

## VERIFICATION

    I declare under penalty of perjury that the foregoing is true, and that this document was executed in Coalinga, California on the date below.

<u> 11 December 2007 </u>
        Date

                             Barry S. Jameson
                             Verifier/Plaintiff/Petitioner

           \*   \*   \*   \*   \*   \*   \*   \*

## PROOF OF SERVICE BY MAIL [1]

    I declare that I am **not a party**, am over the age of twenty-one years, my correct address is 24863 W. Jayne Avenue, Coalinga, CA 93210 (telephone number (559) 935-4900), and on the date below I served a document(s) titled:

    PETITIONER'S RESPONSE TO RESPONDENT'S REPLY TO MOTION TO DISMISS AND REQUEST TO CONTINUE FILING MOTIONS TO DISMISS IN LIEU OF AN ANSWER TO THE PETITION FOR WRIT OF HABEAS CORPUS

on the party(s) named below by placing such document(s) into a sealed, postage-paid envelope, and placing them into the United States Postal Service mail system with first class mail attached thereto, addressed as:

    ELIZABETH S. KIM
    Deputy Attorney General
    State of California
    455 Golden Gate Avenue
    Suite 11000
    San Francisco, CA 94102-7004

    Attorney for Respondent YATES.

<u> 12 December 2007 </u>
        Date

<u> JEFF ROE </u>                                             
Printed/Typed Name                   Signature

---

[1]. Service on date placed into the mail, pursuant to the Prison Mailbox Rule. (See Houston v. Lack, 487 U.S. 266, 275-76 (1988), and Cal. Rules. Ct., Rules 8.304 and 8.400.)

Verification and Proof of Service by Mail          Page 1 of 1

B. Jameson C88511
(B2-119L) P.O.B. 8502
Coalinga, CA
93210-8502

Clerk of the
U.S. District Court
Northern District of
California
Oakland Division
1301 Clay Str., #400
Oakland, CA
94612-5212

CONFIDENTIAL

LEGAL MAIL

