IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BARRY SIMON JAMESON,  )  No. C 07-03160 SBA (PR)
              )
    Petitioner,  )  **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION**
v.  )
              )
JAMES A. YATES, Warden,  )  (Docket nos. 15, 19)
              )
    Respondent.  )
_____  )

    Petitioner Barry Jameson, a state prisoner, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 4, 2007, the Court ordered Respondent to show cause why the writ should not be granted.

    Respondent filed an initial motion to dismiss on October 31, 2007, alleging that Petitioner had failed to exhaust his claim in state court. After Petitioner submitted a copy of the California Supreme Court decision denying him habeas relief, Respondent moved to withdraw the motion. In an Order dated September 5, 2008, the Court granted Respondent's request to withdraw his motion to dismiss. The Court set a new briefing schedule pursuant to the September 4, 2007 Order to Show Cause, and granted Respondent leave to file another motion to dismiss on procedural grounds other than exhaustion, in lieu of an Answer.

    Before the Court is Respondent's motion to dismiss the instant petition for failure to state a federal claim and for untimeliness under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). On October 21, 2008, Petitioner filed an opposition to the motion. On November 5, 2008, Respondent filed a reply. On November 17, 2008, Petitioner filed a response to Respondent's reply.

    Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss.

**BACKGROUND**

    In 1984, Petitioner was convicted of second degree murder by a Los Angeles County jury. (Opp'n, Ex. A.) He was sentenced to state prison for seventeen years to life. (Id.)

    On June 15, 2007, Petitioner filed the instant federal habeas petition. He filed an amended

petition on July 12, 2007, Petitioner claims that he is entitled to immediate release from custody because the California Department of Corrections and Rehabilitation as well as the reviewing state courts misinterpreted his sentence of seventeen years to life. (Am. Pet. at 13-14.) He claims that his sentence is actually fixed at seventeen years. (Id.) In support of his argument, he points to California sentencing laws and other state laws.

## **DISCUSSION**

A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Federal courts generally are bound by a state court's construction of state laws, see, e.g., Melugin v. Hames, 38 F.3d 1478, 1487 (9th Cir. 1994) (federal court bound by Alaska Court of Appeals' interpretation and decision that state statute was properly applied to petitioner's conduct), except when it appears that its interpretation is an obvious subterfuge to evade the consideration of a federal issue. See Peltier v. Wright, 15 F.3d 860, 862 (9th Cir. 1994). Federal courts must presume that state courts follow the law, even when they fail to so indicate. See Poland v. Stewart, 117 F.3d 1094, 1101 (9th Cir. 1997); Jeffers v. Lewis, 38 F.3d 411, 415 (9th Cir. 1994) (en banc). A federal writ of habeas corpus is unavailable merely because "something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state court." Middleton, 768 F.2d at 1085.

A criminal defendant is entitled to due process at sentencing. See Gardner v. Florida, 430 U.S. 349, 358 (1977). A federal habeas court accordingly may call into doubt a state sentence imposed in violation of due process, for example, if a state court imposed a sentence in excess of

state law, see Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987), or if it enhanced a sentence based on materially false or unreliable information. See id. at 477. Generally, a federal habeas court will not review a state sentence that is within statutory limits. See id. at 476. Federal courts must defer to the state court's interpretation of state sentencing laws. Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir. 1993). An allegation of error or misapplication of state sentencing law generally does not present any ground for habeas relief. See Richmond v. Lewis, 506 U.S. 40, 50 (1992) (question to be decided by federal court on petition for habeas corpus "is not whether state sentencer committed state-law error").

Here, citing Title 15 of the California Code of Regulations § 1170, Petitioner states, "[he] received a unique, short-lived sentence that occurred between 1978 and 1983, with a finite term followed by a finite period of parole. Clearly, the Court chose 17 years plus a 5-year period of parole." (Am. Pet. at 14 (emphasis in original) (citation omitted).) The record shows that Petitioner received a sentence of seventeen years to life in state prison, as indicated on his abstract of judgment. (Opp'n, Ex. A.) Because the basis of Petitioner's argument is his interpretation of various sections in California sentencing laws, his claim amounts to a challenge to the state court's interpretation of its own sentencing laws. As stated above, this Court must defer to the state court's interpretation of state sentencing laws. See Bueno, 988 F.2d at 88. Even if Petitioner is alleging an error or misapplication of state sentencing laws, his claim involves only a matter of state law and is not subject to federal habeas review. See Richmond, 506 U.S. at 50.

Petitioner primarily relies on four federal cases to show that his claim sets forth a protected liberty interest and thus raises a federal question. However, these cases are inapplicable to the case at bar. Petitioner cites Santobello v. New York, 404 U.S. 257, 262 (1971), and Brown v. Poole, 337 F.3d 1155, 1159 (9th Cir. 2003), which held that due process rights conferred by the United States Constitution allow a convicted person to enforce the terms of the plea agreement. In the instant case, Petitioner did not enter into a plea agreement with the state; a jury found him guilty of murder and a judge sentenced him to state prison for seventeen years to life. Similarly inapplicable is McQuillion v. Duncan, which upheld state inmates' federally protected liberty interest in parole. 342 F.3d 1012,

3

1014 (9th Cir. 2003). Petitioner does not challenge the denial or recision of parole, but the interpretation of his sentence. Finally, <u>Apprendi v. New Jersey</u> is also distinguishable because it provides that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). Petitioner does not allege that his sentence was increased by a particular finding of fact. Therefore, <u>Apprendi</u> does not apply. Accordingly, the Court finds unavailing Petitioner's argument that he raises a federal question based on the aforementioned cases.

Because Petitioner's claim fails to raise a federal question, his petition is DISMISSED WITH PREJUDICE.[1]

## **CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss (docket no. 15) is GRANTED. This action is DISMISSED WITH PREJUDICE. The Clerk of the Court shall terminate as moot all pending motions, including "Petitioner's Request for 60-Day Stay of Proceedings, If Any, Due to Circumstances Beyond His Control,"[2] enter judgment, and close the file.

This Order terminates Docket nos. 15 and 19.

IT IS SO ORDERED.

DATED: 9/14/09

                *Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] Because the Court has already decided that Petitioner's case should be dismissed for failure to raise a federal question, the Court need not address the second issue brought forth by Respondent of whether the petition is barred by the one-year statute of limitations.

[2] In his motion filed on December 16, 2008, Petitioner claims that he was placed in administrative segregation on November 20, 2008 while he is "awaiting retransfer," and that he "will not have [his] property/legal documents, etc." for a period of sixty days. (Mot. for Stay at 1.) That sixty-day time period has passed, and the record shows that Petitioner has since been transferred to Pleasant Valley State Prison. Furthermore, the Court notes that Petitioner was able to file an opposition and an additional response to Respondent's pending motion to dismiss prior to being placed in administrative segregation. Accordingly, Petitioner's request for a stay (docket no. 19) is TERMINATED as moot.

P:\PRO-SE\SBA\HC.07\Jameson3160.grantMTD.frm      4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BARRY SIMON JAMESON,

    Plaintiff,

v.

JAMES A. YATES et al,

    Defendant.

Case Number: CV07-03160 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 16, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Barry Simon Jameson CDCR # C88511
Pleasant Valley State Prison
Post Office Box 8502
Coalinga, CA 93210-8502

Dated: September 16, 2009

                              Richard W. Wieking, Clerk
                              By: LISA R CLARK, Deputy Clerk